A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. §1983

# 01-14161

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA **CIV-PAINE**
*PALM BEACH DIVISION*

**MAGISTRATE JUDGE**
**SORRENTINO**

*Emmitt Nimmer,*                          )

_____ )

_____ )

_____ )

(Enter above the full name of the        )
plaintiff or plaintiffs in this          )
action.)                                 )

                                         )

v.                                       )

*City of Stuart, et al.,*                )
*Police Chief Joel Wridren, official capacity.*
*Capt. Lyon, Det. Kim Raynor, individual & official capacity*
*Fred Miller, Robert Murphy, individual or personal capacity*
*Flamur Zeneloric, Bryan Tison, individual or personal capacity*
*Det. Schabel Eric, individual & official capacity.*

(Enter above the full name of the
defendant or defendants in this
action.)

| cat/div | B/FTP |
|---|---|
| Case # | 01-14161 |
| Judge | JCP   Mag CHS |
| Motn lfp | YES   Fee pd $ _____ |
| Receipt # | _____ |

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983

   This packet includes four copies of a complaint form and two
copies of a forma pauperis petition.  To start an action you must
file an original and one copy of your complaint for each
defendant you name and one copy for the court.  For example, if
you name two defendants, you must file the original and three
copies of the complaint.  You should also keep an additional
copy of the complaint for your own records.  <u>All copies of the
complaint must be identical to the original.</u>

   <u>The clerk will not file your complaint unless it conforms to
these instructions and to these forms.</u>



Your complaint must be legibly handwritten or typewritten. The plaintiff or plaintiffs must sign and swear to the complaint. If you need additional space to answer a question, you may use the reverse side of the form or an additional blank page.

Your complaint can be brought in this court only if one or more of the named defendants is located within this district. Further, it is necessary for you to file a separate complaint for each claim that you have unless they are all related to the same incident or issue.

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 120.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pay the filing fee and service costs for this action, you may petition the court to proceed in forma pauparis. Two blank petitions for this purpose are included in this packet. One copy should be filed with your complaint; the other copy is for your records. After filling in the petition, you must have it notarized by a notary public or other officer authorized to administer an oath.

You will note that you are required to give facts.  THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS.

When these forms are completed, mail the original and the copies to the Clerk of the United States District Court for the Southern District of Florida, 301 North Miami Avenue, Miami, Florida 33128-7788.

I.    Previous Lawsuits

      A.    Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment?

                                    Yes ( )   No ( ✓ )

      B.    If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

            1.    Parties to this previous lawsuit

                Plaintiffs: _____

                _____

Defendants: _____

_____

2. Court (if federal court, name the district; if
   state court, name the county): _____

_____

3. Docket number: _____

4. Name of judge to whom case was assigned: _____

_____

5. Disposition (for example: Was the case dismissed?
   Was it appealed?  Is it still pending?):

_____

_____

6. Approximate date of filing lawsuit:_____

7. Approximate date of disposition:_____

II. Place of present confinement: *Columbia Correctional East*

*RT. 2 Box 376  HS 107  Lake City, Fla.* 32055-8767

A. Is there a prisoner grievance procedure in this
   institution?
                              Yes ( )   No ( )

B. Did you present the facts relating to your complaint in
   the state prisoner grievance procedure?
                              Yes ( )   No ( )

C. If your answer is YES:

   1. What steps did you take? _____

_____

_____

   2. What was the result? _____

_____

D.   If your answer is NO, explain why not: _This Case was Filed while the plaintiff was not incarcerated. plaintiff file negligence complaint under fla. stat. 768.28) against the named defendants, which was dismissed)_

## III.   Parties

(In Item A below, place your name in the first blank and place your present address in the second blank.  Do the same additional plaintiffs, if any.)

A.   Name of plaintiff _Elliott Jarvis_

Address _Columbia Correctional Institution. Rt. 7 Box 376 Lake City, Fla. # 32055-8767_

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B.   Defendant _City of Stuart, et al._

is employed as _____

at _____

C.   Additional Defendants: _Chief of Police Joan Waldron., Captain Lyon,/Det. Eric Schauber,/Sgt. Kim Major, In their individual, & official capacity. F. Jamur Zenelovic.,/Bryan Tison,/Fred Miller. Robert Murphy., individual, or personal, capacity._

## IV.   Statement of Claim

State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  Do not

give any legal arguments or cite any cases or statutes.  If
you intend to allege a number of related claims, number and
set forth each claim in a separate paragraph.  (Use as much
space as you need.  Attach extra sheet if necessary.)

THE PLAINTIFF FILED NOTICE OF ACTION, ¢ CLAIM'S
UNDER THE (FLA STAT. 768.28) AGAINST THE NAMED
DEFENDANTS, CASE NO. # 97-597.CAP.
AND CASE NO. # 98-371-CA. BOTH CASES WAS
DISMISSED.

THE PLAINTIFF NOW INVOKES THE JURISDICTION TO
THE FEDERAL COURT.

V.   Relief FROM ALL CLAIM'S,

**State briefly exactly what you want the court to do for you.**
Make no legal arguments.  Cite no cases or statutes.

PLAINTIFF SEEK DAMAGES FOR ATTORNEY FEES, COMPENSATORY
PUNITIVE & UNSPECIFIED 25,000,000.00 DOLLARS
FUTURE PAIN, AND SUFFERING, EMOTIONAL DISTRESS, RACIAL PROFILING,
ABUSE OF AUTHORITY, DISCRIMINATION, TRIAL BY JURY, MENTAL DISTRESS,
HUMILIATION, HARRASSMENT, USE OF FORCE, COMMITTING PERJURY, BIAS,
FALSE ARREST, TARGETING, CONSPIRING, DELIBERATE INDIFFERENCES,
FAILURE TO PROTECT THE CITIZENS RIGHTS, VIOLATING THE PLAINTIFF CONSTITUTIONAL,
AND CIVIL RIGHTS, ILLEGAL SEARCH, VIOLATING POLICY'S, CUSTOMS, REGULATIONS,
PROCEDURES, MISCONDUCT, VIOLATING THE PLAINTIFF 4TH, 14TH, 15TH, AMEND.

*PLEASE SEE ATTACHED EXHIBITS*

_____
_____
_____
_____
_____
_____
_____
_____

Signed this _____ day of _____, 2001

_____
                    (Signature of plaintiff
                     or plaintiffs)

VERIFICATION

State of *FLORIDA* )

County of *Columbia* )

_____*Emmitt Harvey*_____, being first
duly sworn, under oath, says:  that he is the plaintiff in this
action and knows the content of the above complaint;  that it is
true of his own knowledge, except as to those matters that are
stated in it on his information and belief, and as to those
matters he believes to be true.

_____
(Signature of affiant-plaintiff)

Subscribed and sworn to before me

this 21 ST day of _May_.

19 2001

# Statement of Facts / Claims

## Civil Rights

(1).

The Plaintiff asserts that the Defendants, The City of Stuart, and Chief of Police Sean Waldron, in their official capacity have become liable for intentionally, allowing their employees of the Stuart Police Department to maliciously violate the Plaintiff, Constitutional & Civil Rights.

(2).

Because of the Defendants, political power, they were able to continue violating the Plaintiff, Rights, policys, customs, regulations, & procedures which have substantially affected the civil and criminal regulations that define the boundaries of permissable behavior.

(3).

Their employees were allowed to (target, racially profile, harass, abuse, falsely arrest, discriminate, conspire, use unnecessary use of force, commit perjury, and illegally searching, failed to protect the rights, retaliate, use slavery tactics,

(4). The Defendants, have been practicing these same tactics on the African American citizens of the East Stuart community. The Department have had a widespread practice for a sufficient length of time, and still failed to correct the conditions.

Violation of the Deliberate Indifferences.

(5).
" The City of Stuart, have condoned their policys, and custom of violating Individuals Civil Rights, by allowing the Chief-of-police, and her employees, or subordinates to continue operating under such conditions. Violating Title 42 U.S.C. 1983."

(6).
" The City of Stuart have been sued several times for these same Civil Rights Violations, and negligences, from Individuals."

(7).
" The City of Stuart have recently settled several lawsuits from Individuals, preferably when they were liable, and negligent, for their officers (false arrest, harrassment, discrimination, targeting, illegal search. The defendants, confiscated this Individuals truck because they thought that, that Individual sold drugs, or had drugs in his truck."

(8).
" The defendants, fired this African American law enforcement officer, Jessie Keddell, for his misconduct, on an Caucasian citizen, for harrassment, discrimination, targeting."

(9).
" The defendants, failed to train their officials adequately have amounted to the deliberate indifference to the rights of person with whom officers comes in to contact with."

(10).
" Rush to punish the African American citizens."

(11).
" Lack of qualified supervisor."

(2).

(11),

UNDER "ARTICLE #1 SEC. #2)

OF THE CONSTITUTION OF THE STATE OF FLORIDA.
WAS MALICIOUSLY VIOLATED BY THE DEFENDANTS, WHICH STATES
THAT ALL NATURAL PERSONS ARE EQUAL BEFORE THE LAW,
AND HAVE INALIENABLE RIGHTS, AMONG WHICH ARE THE
RIGHT TO ENJOY, AND DEFEND LIFE, AND LIBERTY, TO
PURSUE HAPPINESS, TO BE REWARDED FOR INDUSTRY,
AND TO ACQUIRE, POSSESS, AND PROTECT PROPERTY, AND
NO PERSON SHALL BE DEPRIVED OF ANY RIGHTS BECAUSE
OF RACE, RELIGION, OR PHYSICAL HANDICAP.

(12)

UNDER "ARTICLE #1 SEC. #9)

OF THE CONSTITUTION OF THE STATE OF FLORIDA, HAVE ALSO BEEN
MALICIOUSLY VIOLATED BY THE DEFENDANTS, WHICH STATES
THAT NO PERSON SHALL BE DEPRIVED OF ANY RIGHTS
OF LIFE, LIBERTY, OR PROPERTY WITHOUT THE DUE
PROCESS OF LAW.

(13).

THE DUE PROCESS, WAS INTENDED TO SECURE AN
INDIVIDUAL FROM AN ABUSE OF POWER, OR AUTHORITY,
BY GOVERNMENT OFFICIALS, OR EMPLOYEES."

(14)

THE DEFENDANTS, ACTS HAVE CAUSED A CONSTITUTIONAL
INJURY, AND WERE DONE WHILE UNDER COLOR OF LAW."

(15).

FAILURE TO HOLD EMPLOYEES ACCOUNTABLE FOR FILING
INACCURATE, OR FALSE WRITTEN REPORTS, OR FOR GIVING
FALSE, OR MISLEADING TESTIMONY."

(3)

(16)

By the Constitution, and the Laws, gives remedy at law, or Inquity, to any person for Infringement of their civil rights, by the ones who acts under the color of law, or Authority.

(17)

The conduct complained of was committed by a person acting under the color of State law.

(18)

The conduct deprived the person of their rights, privileges, or Immunities, secured by the Constitution, or Laws of the United States.

(19)

A Law Enforcement Agency's failure to adequately train it's officers may constitute a policy giving rise to Government liability.

(20)

The defendant, chief, Jean Warren, In her official capacity, Is therefore liable for the failure to establish sufficient and Appropriate procedures, policies, and customs. Regarding the Inadequate supervision, Inadequate training, Racial Profiling, Harassing, Targeting, Conspiring, Intimidating, False Arrest, Illegal Searches, Abuse, Discriminating, Threatening, Committing Perjury, planting evidence. Failed to Discipline, or control her subordinates In the face of knowledge of their propensity for misconduct. Retaliation.

(21)

The defendants, failed to do a thorough and complete Investigation, or Interview with witnesses, Mr. Victor McHardy, and Mr. S.C. Pace, + others.

(11)

(22).
THE CHIEF, IN HER OFFICIAL CAPACITY, HAVE BECOME LIABLE,
FOR MALICIOUSLY ALLOWING HER SUBORDINATES, TO CONTINUE
DEPRIVING THE PLAINTIFF, OF HIS PROTECTED CONSTITUTIONAL,
AND CIVIL RIGHTS. UNDER THE (4TH, & 14TH AMEND).

(23).
THE PLAINTIFF, FOURTH AMEND. WAS VIOLATED SEVERAL
TIMES BY HER SUBORDINATES, WHEN THEY ILLEGALLY
SEARCHED THE PLAINTIFF. THAT DID NOT FIND ANYTHING.
INTENTIONALLY, & MALICIOUSLY, HARASSING, TARGETING,
INTIMIDATING, & THREATING, WHICH HAS CAUSE HUMILIATION
UPON THE PLAINTIFF, AND HIS WELL BEINGS, USE OF FORCE ..

(24).
THE PLAINTIFF, FOURTEENTH AMEND. WAS ALSO VIOLATED
SEVERAL TIMES BY HER SUBORDINATES. BECAUSE THE
PLAINTIFF, IS ENTITLE TO EQUAL PROTECTION, AS THOSE
SIMILAR INDIVIDUALS, THAT WERE NOT HARASSED, TARGETED,
HUMILIATED, DISCRIMINATED AGAINST, THREATED, AND
ILLEGALLY SEARCHED. RACIALLY PROFILED.

(25).
THE PLAINTIFF, SUBSTANTIVE DUE PROCESS RIGHT UNDER
THE FOURTEENTH AMEND. WAS CONSTANTLY, INTENTIONALLY,
AND MALICIOUSLY, VIOLATED BY EMPLOYEES.
WHEN THEY USE THE CITY'S POLICE CRUISERS TO FOLLOW,
THE PLAINTIFF AROUND TO HARASS, FALSELY ARREST, CONSPIRE,
COMMIT PERJURY, ABUSE, TARGET, THREATEN, USE THE
UNNECESSARY USE OF FORCE. HUMILIATION, THEY FAILED
TO CORRECT THE CONDITIONS. RACIAL PROFILING, DISCRIMINATION,
INTIMIDATED, ABUSED THEIR AUTHORITY.

(5).

## Statement of Facts Claims

### Civil Rights

(1).

The plaintiff, asserts that Defendants, (Flaviur Cenelovic., and (Bryan Tison, In their Individual, or personal capacity."

Did Intentionaly, And Maliciously, violated the plaintiff Constitutional, & Civil Rights. under the (4th, & 14th Amend.). and the 15th Amend.

The Defendants, Actions were Entwined with An Abuse of their police Authority.

(2).

The Defendants, Intentionaly, & Maliciously, used the Citys Police Cruiser To Follow the plaintiff Around To Harass, Conspire, Target, Falsely Arrest, Abuse, The plaintiff, Commit perjury, Illegaly Search, Humiliate, Intimidate, Discriminate.

On Several Occasions, while on Duty, and In Uniform, There by violating the plaintiff Constitutional, & Civil Rights, under the 4th, & 14th Amend. & 15th Amend.

(3).

On 1/24/97 The Defendant, (Cenelovic., Intentionaly, & Maliciously, Arrested The plaintiff. without probable cause, while the plaintiff was legaly visiting. Mr. A.C. Brice, At his Residence, Located At 425 Church St. Stuart, Florida. In the East Stuart Community.

Violation of the Deliberate Indifferences

(12)

AFTER EXITING THE BATHROOM IN THE BUILDING
THE DEFENDANT, IMMEDIATELY ACCUSED THE PLAINTIFF
OF HAVING DRUGS IN HIS POSSESSION, PREFERABLY,
THE MOUTH, THE PLAINTIFF, HAD NO DRUGS AT ANY TIME.
WHAT THE DEFENDANT, SAW MOVING IN THE PLAINTIFF
MOUTH WHEN THE PLAINTIFF TALK WAS IN FACT THE
PLAINTIFF, DENTURES.

THE PLAINTIFF, WEAR DENTURES, UPPER, & LOWER, THAT
IS LOOSEN, WHICH CAUSES THE DENTURES TO MOVE
WHILE TALKING.

THE DEFENDANT, THEN INGAGING FORCE THE PLAINTIFF
TO OPEN HIS MOUTH, TO PROVE THAT HE DID NOT POSS.
ANY DRUGS. AFTER THE DEFENDANT, FORCE THE PLAINTIFF
TO OPEN HIS MOUTH. THE DEFENDANT, THEN DISCOVERED
THAT THE PLAINTIFF DID HAVE LOOSEN DENTURES IN
HIS MOUTH, AND DID NOT CONTAIN ANY DRUGS.

(4).
THE DEFENDANT, THEN MALICIOUSLY, AND ILLEGALLY, ARRESTED
THE PLAINTIFF FOR (TRESSPASSING, AND RESISTING ARREST
WITHOUT VIOLENCE)."

(5).
THE DEFENDANT, REFUSED TO HAVE CONTACT WITH MR. J.C. PACE,
OR CONTACT, OR CHECK WITH THE PROPERTY OWNER, AND
LANDLORD, MR. VICTOR MC HARDY, TO PROVE DID I HAVE
PERMISSION TO BE ON THE PROPERTY TO VISIT WITH MR.
J.C. PACE, BEFORE HE ARRESTED THE PLAINTIFF."

(6).
THE DEFENDANT, ALSO FAILED TO CONDUCT AN INVESTIGATION,
OR CHECK WITH THE OTHER INDIVIDUALS THAT WERE ALSO
ON THE PROPERTY, DID NOT CHECK FIELD FOR ANY I.D.

( 7 )

(7).

Prior to this incident, the plaintiff was also illegally arrested by a Stuart police, at the same location.

(8).

On 1/3/96 the plaintiff, hand delivered a letter to the Stuart police dept. located at 850 S.E. Martin Luther King st. City Stuart, Florida #34994 from the landlord, & property owner, Mr. Victor Richardy, advising the Stuart police dept, to dismiss the charges on the plaintiff, because I had permission to be on the property to visit with Mr. J.C. Pace,

(9).

The City of Stuart, and Chief, of Police, intentionally, and maliciously, failed to issue the plaintiff, his copy of the notice, and notify, or contact Mr. Victor Richardy, failed to post notice of the letter at the Stuart police dept, to inform other officers, that the plaintiff, did have permission to be on the property, so the plaintiff would not be harassed, and illegally arrested again.
The defendants, failed to comply to proper procedures. So they can continue harassing, & illegally arresting the plaintiff.

(10).

The plaintiff, also contacted the State Attorney office in reference to Mr. Victor Richardy, letter, giving the plaintiff permission to be on the property.

(11).

The State Attorney office did dismissed the charges.

(8).

(12).

WHILE AT THE STUART POLICE DEPT ON 1/3/96 THE PLAINTIFF, WAS ARRESTED ON AN UNRELATED CHARGE, THE DEFENDANTS ACCUSED THE PLAINTIFF OF SELLING DRUGS ON A CERTAIN DATE, & TIME, WHEN THE PLAINTIFF WAS WORKING AT THE K&L KROSS LUMBER COMPANY, IN PLANT CITY FLORIDA.

(13)

THE PLAINTIFF, HAD HIS EMPLOYEES TO FURNISH THE PUBLIC DEFENDANT WITH THE TIME CARDS TO VERIFY THAT THE PLAINTIFF WAS INDEED WORKING ON THE DATE IN QUESTION, THAT THE DEFENDANTS, HAVE CLAIM, OR ACCUSE THE PLAINTIFF OF SELLING DRUGS ON. "

THE PUBLIC DEFENDANT OFFICE, ADVISED THE PLAINTIFF THAT THE GUY ON THE VIDEO LOOKS SIMILAR TO THE PLAINTIFF. THE PUBLIC DEFENDANT OFFICE, FURTHER ADVISED THE PLAINTIFF, THAT IF I TAKE THE CASE TO TRIAL, THE JURY WOULD FIND ME GUILTY, BECAUSE THE GUY ON THE VIDEO DID FAVOR ME, BUT THE VIDEO DID NOT HAVE A CLEAR VIEW OF THE FACE, BECAUSE THE PLAINTIFF HAVE A MOLE UNDER HIS RIGHT EYE.

WITH LITTLE EVIDENCE TO PROVE HIS INNOCENCE. THE PUBLIC DEFENDANT OFFICE STILL ADVISED THE PLAINTIFF THAT I HAD NO CHANCE OF WINNING THE CASE AGAINST ME. PLUS THE PLAINTIFF, HAVE A PRIOR RECORD.

THE DEFENDANTS, OR THE STATE THEN OFFERED THE PLAINTIFF A TEN MONTH PLEA AGREEMENT, THE PLAINTIFF, AGREED TO THE PLEA AGREEMENT INSTEAD OF THE MAXIMUM PENALTY OF FIFTEEN YEARS IN PRISON.

## STATEMENT OF FACTS / CLAIMS

(1).
### CIVIL RIGHTS

ON 5/5/9? THE DEFENDANT, FLAMUR ZENELOVIC., INTENTIONALLY HARRASSED THE PLAINTIFF. WHILE VISITING A FRIEND. MR. DONALD, AT A ROOMING HOUSE ON MARTIN LUTHER KING JR. BLVD. FORMALLY KNOWN AS THE "IL LOUNGE").

(2). WHILE VISITING MR. DONALD, I WAS IN THE CLUSTODY OF HIS FERIAL MR. DONALD, LEFT THE ROOM IN MY POSSESSION. OR CARE.

(2). WHILE LEAVING THE ROOM IN MY POSSESSION FOR SEVERAL HOURS THE DEFENDANTS, (F. ZENELOVIC.), APPROACHED THE ROOM AFTER SEEING ME AND THE FERIAL IN THE ROOM. THE DEFENDANT, WAS IN THE COMPANY OF A FERIAL OFFICER. HE ASKED ME WHAT WAS I DOING IN THE BUILDING, AND IN MR. DONALD, ROOM, DID I HAVE PERMISSION TO BE IN MR. DONALD, ROOM WHILE HE WASN'T AT HOME." I ADVISED THE DEFENDANT, THAT I DID HAVE PERMISSION FROM MR. DONALD, AND WATCH THE FERIAL." THE DEFENDANT, AT THAT POINT BEGAN TO SEARCH THE PLAINTIFF FOR DRUGS, AND FOUND NONE, NO ONE ELSE THAT WERE PRESENT IN THE BUILDING WERE SEARCHED, OR HARASSED. ONLY THE PLAINTIFF, THE OWNER OF THE ROOM CAME HOME AND ADVISED THE DEFENDANT THAT HE HAD GIVEN THE PLAINTIFF PERMISSION TO BE IN THE ROOM HE FURTHER ADVISED THE DEFENDANT THAT HE WAS WRONG FOR ENTERING THE ROOM WITHOUT A SEARCH WARRANT, OR PERMISSION, HE WAS WRONG FOR HARASSING, & ILLEGALLY SEARCHING THE PLAINTIFF. THE DEFENDANT, MADE THREATING STATEMENTS, THAT HE WOULD STILL HARASS THE PLAINTIFF EVERY TIME THAT HE SEE ME, THE DEFENDANT, LEFT THE BUILDING WITHOUT APOLIGIZING TO THE PLAINTIFF OR MR. DONALD.)

(10)

## STATEMENT OF FACTS/CLAIMS
## Civil Rights

(1).

On this unknown date, while the plaintiff was illegally searched, harassed, humiliated, falsely arrested, while illegaly visiting his i.e. race., at his residents at 435 Church St rooming house.

The plaintiff substantive due process rights, the equal protection clause of the 14th amend., along with the 4th amend. for the illegal search, was deliberately, & maliciously violated again by defendant, Fikrin Zenelovic,

(2).

The defendant, demanded that I get face down on the filthy ground, the defendant, drew his revolver from his holster, after the plaintiff complied to the demand, the defendant, then placed his revolver back into his holster, at this time he drew his baton, and made threating statements to me that if I move he would use the baton on my head, and body. The plaintiff, was in fear of his life because the defendant, had no probable cause to arrest, or illegally search, or threaten the plaintiff.

(3).

The defendant, never had contact, or investigated the other individuals that were also present during this incident, nor did he check their I.D.

(4).

The defendant, never asked the other individual did they have permission to be on the property. "

(5).

When the defendant, search the plaintiff. He did not find anything in possession of the plaintiff. "

(11)

(6).
THE PLAINTIFF WAS ARRESTED FOR ("TRESPASSING, AND
RESISTING ARREST WITHOUT VIOLENCE )."

(7).
THE DEFENDANT, NEVER CONTACTED MR. J.C. PACE, OR
MR. VICTOR MC HARDY, TO VERIFY, DID I HAVE PERMISSION
TO BE ON THE PROPERTY, HE MADE NO ATTEMPTS TO FIND OUT.

(8).
THE DEFENDANT, HAVE BLATANTLY VIOLATED THE PLAINTIFF
CONSTITUTIONAL, AND CIVIL RIGHTS. "

(9).
THE DEFENDANT, REFUSED TO CONTACT HIS SUPERVISOR,
IN REFERENCE TO THE TRESPASSING LETTER FROM
MR. VICTOR MC HARDY, BEFORE ARRESTING THE PLAINTIFF. "

(10).
THE PLAINTIFF HAD A CONSTITUTIONAL RIGHT TO BE FREE
FROM INTIMIDATION, UNREASONABLE SEARCH, BEING
UNLAWFULLY ARRESTED, THREATEN, HARASSED, HUMILIATED.
AND ABUSED FROM THE DEFENDANT, ABUSE OF AUTHORITY. "

(11)
DEFENDANT, FAILED TO USE PROPER PROCEDURES, OR
ADMINISTER PROPER CONTROL ON CITIZENS. "

(12).
"IT IS VERY IMPORTANT TO THE CITIZENS, OF THE
EAST STUART COMMUNITY, THAT NO OTHER CITIZEN
ESPECIALLY THE AFRICAN AMERICAN CITIZENS, SHOULD
NOT HAVE TO GO THROUGH THIS TYPE OF ABUSE.
OFFICER. HARUN ZENELOVIC, HAVE SHOWN A LACK OF
INTEREST UPON THE AFRICAN AMERICAN CITIZENS, IN
EAST STUART COMMUNITY, AND THEIR RIGHTS. '

STATEMENT OF FACTS/CLAIMS

Civil Rights

(1). On 5/21/97 THE PLAINTIFF, WAS MALICIOUSLY TARGETED, AND HARASSED, ABUSE BY THE DEFENDANT (F. ZENEVOVIC) WHEN THE DEFENDANT, SAW ME AND MY SISTER IN OUR FAMILY TRUCK, HE INTENTIONALLY PULL THE TRUCK OVER AND BEGAN ILLEGALLY SEARCHING THE TRUCK FOR DRUGS, OR PARAPHERNALIA."

(2) THE DEFENDANT, CAME TO THE PASSENGER SIDE AND DEMANDED ME TO GET OUT THE TRUCK. I COMPLIED. HE THEN SEARCH ME AND DID NOT FIND ANY THING IN MY POSSESSION, NOR IN THE TRUCK. THE DEFENDANT, WENT TO HIS PATROL CAR, AND REACHED IN AND PULL, OR RETRIEVED, TWO OBJECTS OUT OF HIS PATROL CAR. AND STATED THAT HE HAD FOUND A CRACK ROCK, AND A PIPE, FORMALLY KNOWN AS PARAPHERNALIA."

(3). THE DEFENDANT, THEN STATED THAT HE SHOULD TAKE ME TO JAIL, I ADVISED THE DEFENDANT, THAT THE OBJECTS THAT HE HELD HAD CAME OUT OF HIS PATROL CAR. SEVERAL WITNESSES ALSO SAW THE DEFENDANT GO TO HIS PATROL CAR WITH NOTHING IN HIS HANDS.
THE TWO OBJECTS THAT HE HELD IN HIS HAND WERE A PIECE OF ("PLASTIC", AND A BREAD CRUMB)."
THE PLAINTIFF, WERE NOT ARRESTED IN THIS INCIDENT.

(13)

## STATEMENT OF FACTS/CLAIMS
### CIVIL RIGHTS

(1).
On 6/20/97 The Plaintiff Constitutional, And Civil Rights Were Again Deliberately Violated By Defendant, (F. Zemelonic, And (B. Tison, In Their Individual, or Personal Capacity."

(2).
The Defendants, Deprived The Plaintiff of His Protective Rights, When They Maliciously Harassed, Illegally Searched, Falsely Arrested, Conspired, Committed Perjury, Used unnecessary Force, Intimidated, And Humiliated The Plaintiff. And Violating The Substantive Due Process, Equal Protection, And A Violation of The Plaintiff Fourth Amendment."

(3).
The Defendants, Had No Probable Cause To Arrest The Plaintiff, Because There Were No Outstanding Arrest Warrants Out Against The Plaintiff."

(4).
The Plaintiff, Had Also Committed No Crimes, While Walking Peacefully on The Side Walk In My Own Community, or Neighborhood."

(5).
The Defendants, Intentionally Conspired Against The Plaintiff, By Their Concerted Actions, Upon The Part of Both Defendants, In Wrongfully Arresting The Plaintiff."

(6).
The Defendants, Had No Suspicion of Any Criminal Activity, or Probable Cause To Arrest."

(20)

(7).

THE DEFENDANT, (F. ZENEVICH, MADE A SWORN OATH, OR STATEMENT UNDER OATH, IN HIS ARREST AFFIDAVIT, DEFENDANT, STATED THAT THE PROBABLE CAUSE FOR THE PLAINTIFF-ARREST WAS THAT THE PLAINTIFF, WAS WALKING IN THE ROADWAY, "HE ALSO STATED THAT HE PERSONALLY PROVIDED THE PLAINTIFF-WITH A PEDESTRIAN VIOLATION, OR CITATION."

(8).

UNDER THE FLA STAT. AND ACCORDING TO THE (POLICY, CUSTOMS, REGULATIONS, AND PROCEDURES, OF THE CITY OF STUART, AND THE STUART POLICE DEPT, WHICH STATES THAT AT ANY TIME THAT A CITIZEN, OR INDIVIDUAL IS STOPPED FOR ANY VIOLATIONS, THAT OFFICER MUST PROVIDE THAT CITIZEN, OR INDIVIDUAL WITH A COPY OF THE CITATION, TO APPEAR BEFORE A COURT, BUT IN THIS CASE NIETHER DEFENDANT PROVIDED THE PLAINTIFF WITH ANY PEDESTRIAL VIOLATION, OR CITATION."

"AFTER ALL THIS WAS THEIR INITIAL, OR SOLE PURPOSE, FOR THE PROBABLE CAUSE FOR THE STOP, OR WAS IT."?

(9).

THE DEFENDANTS, ARRESTED THE PLAINTIFF, FOR (POSS. OF COCAINE, POSS. OF DRUG PARAPHERNALIA, & RESISTING ARREST WITH OUT VIOLENCE.)"

(10).

THE DEFENDANT, (F. ZENEVICH, TRIED TO ENGAGE THE PLAINTIFF, IN A CONVERSATION ABOUT WHAT I WAS DOING WALKING IN THIS AREA, HE ASKED ME DID I HAVE ANY DRUGS, IN MY POSS. I REFUSED TO SPEAK.

(15)

(11).

THE DEFENDANT, CONTINUED TO HARASS ME, HE THEN
ASKED ME WHERE WAS I GOING, "AND WHAT DID I
HAVE IN MY POCKETS, "AND DID I REMEMBER WHAT
HE TOLD ME THE LAST TIME THAT HE STOP ME."
I ASK THE DEFENDANT, WHY IS HE HARASSING ME,
AND WHY HAVE HE BEEN CONSTANTLY HARASSING ME
EVERY WHERE I GO."

(12). DEFENDANT, STATED BECAUSE I CAN DO THAT, "I'M THE
MAN WITH THE PLANS."
I THEN ADVISED HIM TO LEAVE ME THE HELL ALONG.
I CONTINUED TO WALK AWAY FROM THE DEFENDANT,
AT THIS TIME, HE ADVISED THE OTHER DEFENDANT, (B. TYSON,
TO STOP THE PATROL CAR, I STILL DID NOT STOP, I
CONTINUED TO WALK AWAY, I DIDN'T KNOW WHAT THEY
WANTED WITH ME, BECAUSE I HADN'T DONE ANY THING
FOR THE DEFENDANT TO BE AFTER ME, I WAS IN FEAR
OF MY LIFE, BECAUSE THE DEFENDANTS NEVER ADVISED
ME AS TO WHAT THEY WANTED WITH ME.
I WAS BEING CHASED FOR NOTHING, THEY NEVER INFORM
ME AS TO WHY THEY NEEDED TO TALK TO ME."

(13) THE DEFENDANT, ZENEVIC., SLAMMED ME AGAINST THE
PATROL CAR SEVERAL TIMES BEFORE HE THREW ME
IN THE BACK SEAT, INJURING THE LEFT WRIST, RIGHT KNEE,
BACK AREA."

(13). UNDER THE FLA. STAT.
A PEACE OFFICER MAKING AN ARREST WITHOUT A WARRANT
SHALL INFORM THE PERSON TO BE ARRESTED OF HIS AUTHORITY,
AND THE CAUSE OF THE ARREST, EXCEPT WHEN THE
PERSON FLEES, OR FORCIBLY RESISTS BEFORE THE OFFICER
HAS AN OPPORTUNITY TO INFORM HIM, OR WHEN GIVING THE
INFORMATION WILL IMPERIL THE ARREST."                    (16)

(14).

THE MERE FACT THAT THE PLAINTIFF, WAS IN A HIGH CRIME AREA, AND DID NOT STOP TO TALK, OR MADE A QUICK MOVEMENT WHEN THE DEFENDANT, EXITED HIS PATROL CAR, STILL DID NOT CREATE ANYTHING MORE THAN A MERE SUSPICION."

(15)

THEREFORE THE DEFENDANTS, DID NOT HAVE REASONABLE SUSPICION, OR PROBABLE CAUSE, TO JUSTIFY TEMPORARY DETENTION OF THE PLAINTIFF, UNDER THE STOP, AND FRISK LAW OF THE STATE OF FLORIDA."

(16).

EVEN IF THERE HAD BEEN REASONABLE SUSPICION TO JUSTIFY TEMPORARY INVESTIGATIVE DETENTION OF THE PLAINTIFF, THE DEFENDANTS, STILL EXCEEDED THE PERMISSIBLE SCOPE OF INVESTIGATORY STOP, OR PATDOWN, THE DEFENDANTS, STILL DIDN'T FIND ANYTHING IN THE PLAINTIFF POSS."

(17).

THE AREA WHERE THE DEFENDANT, CLAIM' THAT HE HAD FOUND THE PARAPHERNALIA, IS OPEN TO ALL WHO FREQUENTED THAT AREA, BECAUSE THIS IS A HIGH CRIME AREA. THE PARAPHERNALIA THAT WERE FOUND ON THE GROUND, AND NOT ON THE PLAINTIFF, MUST HAVE BEEN DROPPED BY SOME ONE OTHER THEN THE PLAINTIFF, THE STATE FAILED TO ESTABLISH SUFFICIENT EVIDENCE THAT THE PLAINTIFF HAD EVER POSSED THIS DEVICE, THERE WERE NO FINGER PRINTS ON THE DEVICE THAT WOULD SUBSTANTIATE ME EVER HAVING THIS DEVICE THAT THE DEFENDANT FOUND ON THE GROUND."

(18)

THE DEFENDANT, CLAIM THAT HE SAW THE PLAINTIFF WITH
A CIGARETTE PACKAGE IN HIS POSS, THE PLAINTIFF DO NOT
SMOKE, I HAVE SEVERE ASTHMA, THERE WERE SEVERAL
WITNESSES THAT WERE AT THE SCENE WHO WILL BE
MAKING STATEMENT FOR THE PLAINTIFF. "

(19)

THE DEFENDANT, HAVE NEGLIGENTLY PLANTED EVIDENCE
ON THE PLAINTIFF, LIKE HE HAVE TRIED TO DO IN THE
PAST.

(20)
THERE IS EVIDENCE THAT THE DEFENDANTS, THREATEN,
INTIMIDATED, ABUSED, & USED RACIALLY OFFENSIVE REMARKS,
WHILE IN THE PATROL CAR, AND WHILE AT THE MARTIN
COUNTY JAIL. THE OFFICIALS AT THE JAIL WITNESS THE
INCIDENT, AND GAVE STATEMENT ABOUT THE THREATING
STATEMENTS, AND THE ABUSE, ON THE PLAINTIFF. "

(21)
DEFENDANT (B. TISON), WAS DISCIPLINE BY THE STUART
INDEPENDENT REVIEW BOARD. "

(22)
ON 8/6/97 THE OFFICE OF THE PUBLIC DEFENDANT, DID
ENTERED A PLEA OF NOLO CONTENDERE TO "(COUNT #1,
FOR POSSESSION OF DRUG PARAPHERNALIA) & COUNT #2, FOR
RESISTING AN OFFICER WITHOUT VIOLENCE). AND WAS
SENTENCED TO TIME SERVED ON BOTH COUNTS.
AT THE TIME THE PLAINTIFF, ENTERED HIS PLEA, HE WAS
UNABLE TO LOCATE HIS WITNESSES, BUT HAS SINCE
BEEN ABLE TO DO SO.
BY AND THROUGH THE PLAINTIFF UNDERSIGNED ATTORNEY,
File A MOTION TO WITHDRAW THE PLAINTIFF PLEA, AND
SET ASIDE SENTENCE). DATED 9/23/97

23). On 7/6/97 THE PLAINTIFF, WERE INTERVIEWED BY A K. MAJOR, OF THE STUART POLICE DEPT. IN REFERENCE TO SEVERAL CITIZEN COMPLAINTS FOR INTERNAL INVESTIGATION, BEING FILED AGAINST "(DEFENDANTS, FAHIUR ZENOVIC, AND BRYAN TISON, DATED 7/3/97.
RE: INTENDED ACTION I.A. 97-33F. )"

24). (HARASSMENT, DISCRIMINATION, INTIMIDATION, THREATING, ABUSE )'OR USE OF FORCE,"

25). On 9/18/97 THE PLAINTIFF, FILED CITIZEN COMPLAINT FOR INTERNAL INVESTIGATION AGAINST "(KIM MAJOR, RE: INTENDED ACTION I.A. 97-33F.

26). (MISCONDUCT, DISCRIMINATION, FAILURE TO CONDUCT HER SELF-AS A OFFICER, REFUSED TO LET THE PLAINTIFF COMPLETE HIS TAPPED STATEMENTS
REFUSED TO CONDUCT PROPER INVESTIGATION ON THE OFFICERS, FAILURE TO COMPLETE HER INVESTIGATION ON THE PLAINTIFF WITNESSES )."

27). On 9/18/97 THE PLAINTIFF-FILED CITIZEN COMPLAINT FOR INTERNAL INVESTIGATION AGAINST "(CHIEF OF POLICE JOAN WALDRON,
RE: INTENDED ACTION. 97-42I "

28). FAILURE TO CONDUCT HER SELF-AS A OFFICER OF THE LAW, NEGLIGENT OF THE OFFICERS UNDER HER. ALLOWING OFFICERS TO HARASS, DISCRIMINATE, INTIMIDATE, VIOLATING THE POLICIES, REFUSED TO DO PROPER INVESTIGATION )."

(29).

On 8/21/97 the plaintiff, Filed "(Notice of Action, 8 Claims.)" Case No. #97-597-CAP.

(30).

(Stuart Police Dept. e.t. Al)(Police Chief Joan Waldron, Official Capacity) "(Officer, Franklin Zenelovic.,)" (Bryan Tison,)(Officer, Kirk Meyer,)"(Capt. Lyons,)" "(Det. Eric Schrabel,)"

(31).

On 4/17/98 the Defendants, Attorney Filed A(Motion To Dismiss, And Quash Service of Process.)"

(32).

On 4/8/97 the Court Entered An Order. Quashing Process and Giving the plaintiff 33 Days To Amend Complaint on the City of Stuart."

## Statement of Facts / Claims
## Civil Rights

(1).
On 8/18/97 the Defendants, "(Det. Eric Schaubel, Robert Murphy, and Fred Miller, In their Individual, or Personal, & Official Capacity)."

(2).
Violated the plaintiff, Constitutional, & Civil Rights of the substantive due process, equal protection, and a violation of the plaintiff - Fourth Amend.

(3).
The Defendant, "(Det. Eric Schaubel, In his Official Capacity. As the Supervisor of the Narcotic Division, have become liable to the plaintiff.

(4).
The Defendant, "(E. Schaubel, Intentionally, & maliciously, conspired, targeted, discriminated, false imprisonment, harassed, racially profiling, tampering, retaliation.

(5). The Defendant, "Stated that he met with Undercover Agent, "(Fred Miller, on 8/18/97 at a Command post adjacent to the East Stuart area, "and Fred Miller, had agreed) to work as an undercover agent, In an attempt to make Controlled purchases of Rock Cocaine from persons only In the East Stuart area, because the East Stuart area Is a high traffic area known for the sale of Rock Cocaine."

(6).
Records also indicate that at approximately 2251 hours, while In the Black section of the East Stuart area, In the 900 block of Diahanna Ave, Fred Miller,

(7).

APPROACHED, HILL ASKED THE PLAINTIFF, FOR A 20.00 DOLLAR PIECE OF ROCK COCAINE."

THE PLAINTIFF, THEN ASKED AGENT (FRED MILLER), TO PARK IN THE AREA OF 947 BAHAMA AVE, WHILE THE PLAINTIFF WENT AND RETRIEVED THE ONE PIECE OF ROCK COCAINE."

THIS SAME ACT OF INSPIRING, TARGETING, HARASSING, RACIALLY PROFILING, AND DISCRIMINATING, WAS REPEATED AGAIN ON 8/28/97 BY AGENT ROBERT MURPHY,

(8).

ON 8/28/97 RECORDS WILL INDICATE THAT UNDERCOVER AGENT, (ROBERT MURPHY), ALSO AGREED TO CONSPIRE, TARGET, HARASS, RACIAL PROFILE, & DISCRIMINATE AGAINST THE PLAINTIFF.

(9). THE DEFENDANT, APPROACHED THE PLAINTIFF, WHILE IN THE 900 BLOCK OF BAHAMA AVE, AND ASKED FOR A 20.00 DOLLAR PIECE OF ROCK COCAINE, THE PLAINTIFF, LEFT TO RETRIEVED THE ROCK COCAINE, THAT MR MURPHY, WANTED THE PLAINTIFF, WAS GONE FOR MORE THAN 30 MIN. THE DEFENDANT, FOUND ME, AND ASKED ME WHERE WAS THE ROCK COCAINE, I ADVISED THE DEFENDANT, THAT NO ONE HAD ANYTHING, I LEFT AGAIN BECAUSE THE DEFENDANT, SEEM TO BE HARASSING ME, WHEN THE PLAINTIFF, WENT BACK ON THE CORNER OF (CHURCH ST. AND BAHAMA AVE), THE DEFENDANT, AGAIN APPROACHED ME CONCERNING SELLING HIM SOME ROCK COCAINE, I AGAIN ADVISED THE DEFENDANT, THAT I DIDNT HAVE ANY DRUGS, AT THIS TIME A JUVENILE APPROACHED THE CAR. THE DEFENDANT, REFUSED TO PURCHASE DRUGS FROM THE JUVENILE. HE WOULD ONLY PURCHASE FROM ME."

.22.

(10).

FIELD TEST INDICATE THAT THE SUBSTANCE WAS
COUNTERFEIT, PRIOR TO THIS INCIDENT THE PLAINTIFF
HAD CONTACT WITH AGENT MURPHY, THROUGH ANOTHER
JUVENILE, WHO WILL BE A WITNESS ALSO IN THIS CASE. "

(11).

THE DEFENDANT, WAS IN THE AREA OF "URSSIAN AVE,
& 10TH. ST. WHEN THIS JUVENILE APPROACHED THE DEFENDANT,
ABOUT PURCHASING SOME ROCK COCAINE, "THE DEFENDANT,
AGAIN REFUSED TO PURCHASE DRUGS FROM ANY JUVENILE.
BY ME BEING IN THE AREA, THE JUVENILE CAME
AND FOUND ME, WE BOTH APPROACHED THE DEFENDANT,
CAR, THE JUVENILE AGAIN TRIED TO SELL THE DRUGS TO
HIM, HE REFUSED AGAIN, AND ADVISED THE JUVENILE
THAT HE WOULDN'T PURCHASE THE DRUGS FROM HIM BUT
HE WOULD PURCHASE IT FROM ME, THE JUVENILE
THEN GAVE THE PLAINTIFF THE 20.00 DOLLAR ROCK COCAINE
TO GIVE TO THE DEFENDANT, AFTER PURCHASING THE
DRUGS FROM THE PLAINTIFF, THE DEFENDANT, THEN LEFT
THE AREA. "

(12). THE INCIDENT WAS VIDEO TAPED, ALL DEFENDANTS, DID
DELIBERATELY CONSPIRED, TARGET, HARASS, THE PLAINTIFF.

(13).

DURING THIS UNDERCOVER OPERATION THAT THE DEFENDANT,
ERIC SCHABEL, WAS ALLOWED TO OPERATE, AND SHOW
FAVORITISM, OR TARGET, SEVERAL INDIVIDUALS THAT SOLD
DRUGS, THIS DEFENDANT, WAS FULLY AWARE OF OTHER
INDIVIDUAL'S SELLING DRUGS BUT YET FELL TO UPHOLD THE
LAW. "

(14). THESE SAME INDIVIDUAL'S HAD ALSO SOLD TO THE SAME
AGENTS, (FRED MILLER, AND ROBERT MURPHY, THE SAME
AREA "200 BLOCK OF BAHAMA AVE.

(15). I WITNESS THESE SAME TRANSACTIONS MYSELF. THESE DEFENDANTS, NEVER CHARGED THE OTHER INDIVIDUAL'S WITH THE 1000 FEET OF THE SPECTRUM JUNIOR/SENIOR HIGH SCHOOL.
RECORDS WILL INDICATE THAT THE PLAINTIFF, WAS THE ONLY INDIVIDUAL THAT WERE CHARGED WITH THE 1000 FEET OF SCHOOL, DURING THEIR OPERATION AT THE BAHAMA AVE, & 18TH ST.

(16). THE CITY OF STUART, AND THE CHIEF OF POLICE, WERE ALSO FULLY AWARE THAT THE DEFENDANT, ERIC SCHABEL, WILLFULLY, WANTONLY, & MALICIOUSLY, VIOLATED THE POLICYS, CUSTOMS, REGULATIONS, & PROCEDURES WHICH HAVE SUBSTANTIALLY AFFECTED THE CIVIL, AND CRIMINAL, REGULATIONS THAT DEFINE THE BOUNDARIES OF PERMISSIBLE BEHAVIOR.

(17). EVIDENCE WILL SHOW THAT THE DEFENDANT, (E. SCHABEL, LIED UNDER OATH, COMMITTED PERJURY, MADE FALSE STATEMENTS, FALSIFIED THE RECORDS, AND TAMPERED WITH EVIDENCE.

(18). THE DEFENDANT (E. SCHABEL, IN HIS INDIVIDUAL, & OFFICIAL CAPACITY, ORDERED THE DEFENDANT, (R. MURPHY, TO TARGET THE PLAINTIFF ONLY ON 8/20/97.

(19). FROM VIEWING THE VIDEO TAPE FROM THE INCIDENT THE PLAINTIFF NOTICE THE DEFENDANT (R. MURPHY, LEAVING THE COMMAND POST, OFF OF MARTIN LUTHER KING BLVD.

(20)

THE DEFENDANT, WAS ORDERED TO TURN LEFT ON TO TARPON AVE, AFTER THE DEFENDANT, TURN LEFT ON TO TARPON AVE, THE PLAINTIFF, THEN NOTICE SEVERAL INDIVIDUALS TRIED STOPPING THE DEFENDANT, BY WAVING HIM DOWN, AND YELLING FOR HIM TO STOP AND PURCHASE THEIR DRUGS.

(21) THE DEFENDANT, REFUSED TO STOP AND PURCHASE DRUGS FROM THESE INDIVIDUALS. INTENTIONALLY TARGETING THE PLAINTIFF FOR DRUGS.

(22) THE DEFENDANTS, INTENTIONALLY, & MALICIOUSLY, TARGETED THE PLAINTIFF, BY REFUSING TO PURCHASE DRUGS FROM OTHER INDIVIDUALS WHO HAD DRUGS IN THE AREA.

(23) DEFENDANT, CAME DIRECTLY TO THE PLAINTIFF AND ASKED THE PLAINTIFF, FOR A $0.03 DOLLAR PIECE OF ROCK COCAINE, WHICH THE PLAINTIFF HAD TO GO AND TRY TO FIND FOR THE DEFENDANT, BECAUSE THE PLAINTIFF HAD NO DRUGS.

(24) RECORDS INDICATE THAT THE DEFENDANTS, WAS TO ATTEMPT TO MAKE CONTROLLED PURCHASES OF ROCK COCAINE FROM PERSON(S) IN THE EAST STUART AREA. RECORDS FURTHER STATES THAT THE EAST STUART AREA IS A HIGH TRAFFIC AREA KNOWN FOR THE SALE OF ROCK COCAINE.

(25) DEFENDANTS, HAVE VIOLATED THE DELIBERATE INDIFFERENCES OF THE 14TH AMEND.

## PROCEDURAL BACK GROUND

(1)
ON 8/09/97 THE PLAINTIFF, WAS ARRESTED, AND PLACED IN
THE MARTIN County JAIL, FOR "SALE, & DELIVERY OF A CONTROL
SUBSTANCE, WITH IN ONE THOUSAND FEET OF A SCHOOL, AND
PSS. OF COCAINE." 893.13 (1)(c) (COUNT #1,)"
INCIDENT INFORMATION, AND CASE NO.# 97-11040
8/18/97."

(2)
ON 8/09/97 THE PLAINTIFF, WAS ARRESTED, AND PLACED
IN THE MARTIN County JAIL, FOR (SALE, & DELIVERY OF A
COUNTER FEIT SUBSTANCE.' 831.31 (Count #2)"
INCIDENT INFORMATION, AND CASE NO.# 97-11154
8/25/97."

## STATEMENT OF FACTS / CLAIMS

## CIVIL RIGHTS

(1).

On this unknown date Defendant, (J. Kittredge, of the Stuart Police Dept. In his personal capacity illegally searched, harassed, humiliated, discriminated the plaintiff, while the plaintiff was at the Emerald Staffing Service, for day labor.

(2).

Defendant, came on my job searched me for no none reason, and did not find any drugs, or any illegal items in my possession.
No one else at the Emerald Staffing Service was illegally searched, discriminated, targeted, harassed, or humiliated.

(3).

The defendant, claim that some one told him that I had drugs in my possession, the defendant, refused to apologize for the incident. I reported the incident to his supervisor, no incident report was written on the incident because the defendants, can hide this type of incident and never be mention again, because they purge the records, or never use them.

DELIBERATE INDIFFERENCE.

# Medical History

(1).

As a direct result from the "attack, assault, or unnecessary use of force, on the plaintiff. I have suffered severe personal injurys. To the "right knee, left wrist, lower back, and hip area.

(2).

The plaintiff, have suffered permanent damages, and harm, as a direct result of the said unnecessary use of force, on the plaintiff, from the incident that occurred on 6/20/97

(3).

The plaintiff, were seen, & treated, for pain, by jails nurse, & physician for the injuries.

(4).

The injuries suffered by the plaintiff, as a result of such unnecessary use of force, has caused severe, & unbearable pain, & suffering. Emotional distress, mental anguish, future suffering

(5).

The plaintiff, is suffering from night mares, & anxiety, as a result of said assault, or unnecessary use of force, by the defendant, (F. Zenevich, Doctors now have advised the plaintiff that I have pinch nerve, disk problems, & or hip problem. Doctors have also issued the plaintiff, a back brace pain medication naproxen 500 mg. The plaintiff, can't stand very long, or sit very long for the severe pain, the plaintiff can barely get out of bed.

USE SEPARATE FORMS FOR EACH DEFENDANT AND FOR MULTIPLE OFFENSE OCCURRING AT DIFFERENT TIME, DATE OR LOCAT'     *EXHIBIT*

# ARREST AFFIDAVIT

| COURT DOCKET NO. | | | | FBI NO. | | FDLE NO. | |
|---|---|---|---|---|---|---|---|

**DEFENDANT NAME (LAST, FIRST, MIDDLE)** HARVEY JR, Emmitt

☑ CHECK TRUE NAME     A.K.A.

ARR. AGENCY ORI. NO. FLO **4 3 0 1 1 0 0**

OBTS NO. **00019431173A**

| Fingerprinted | By | Booking Officer **647** | JAIL NUMBER **807017** |
|---|---|---|---|
| ☐ Identification Only | ☐ AFIS | | |
| ☒ Criminal | | | |

LOCAL CASE NO. **97-08110**    DATE OF BIRTH **8/05/56**    PERMANENT ADDRESS ( STREET NO. )    STREET NAME  CITY  PHONE **917 E. 4th ST.  STUART**    STATE **A**   ZIP CODE **34994**   CNTY **42**

DEFENDANT REQUIRED TO APPEAR IN CIRCUIT COURT ON [obscured] AT [obscured] DEFENDANT REQUIRED [obscured]

| SEX **M** | HEIGHT **5'6** | WEIGHT **175** | RACE **B** | | EYE COLOR BLK ☐ BLU ☐ BRN ☒ GRY ☐ GRN ☐ HAZ ☐ MAR ☐ PNK ☐ (UNK) ☐ | HAIR COLOR BAL ☐ BLK ☒ BLN ☐ BRO ☐ GRY ☐ WHI ☐ RED ☐ SYN ☐ (UNK) ☐ |
|---|---|---|---|---|---|---|

SOCIAL SECURITY NUMBER    OCCUPATION OR EMPLOYER **Landscape**    DISTINGUISHING MARKS

| ARREST DATA → | DATE **6/24/97** | MILITARY TIME **2200** | SECTOR **City Hy** | STREET **600 Black Cloud ST** | CITY **STUART** | STATE **A** | CNTY **42** |
|---|---|---|---|---|---|---|---|
| OFFENSE DATA → | DATE **6/20/97** | MILITARY TIME **2155** | SECTOR **City** | STREET **600 Black Cloud St** | CITY **Stuart** | STATE **A** | CNTY **42** |

| Weapons Seized/Type ① Yes ② No | Residence Type ☐ 1. City ☐ 2. County ☐ 3. Florida ☐ 4. Out-of-State | Activity N N/A P Process | B Sell D Deliver T Traffic | R Smuggle U Use | K Dispense M Manufacture/Produce/Cultivate | Z Other |
|---|---|---|---|---|---|---|

**CHARGE STATUS** ☑ LPC ☐ CAPAIS ☐ BW ☐ FW ☐ PW ☐ PU ☐ CITATION

| Indication of: | Y | N | Unk | Citizenship **U.S.** | Activity N N/A A Amphetamine | B Barbiturate C Cocaine E Heroin | H Hallucinogen M Marijuana O Opium/Deriv | P Paraphernalia S Synthetic | U Unknown Z Other |
|---|---|---|---|---|---|---|---|---|---|
| Alcohol Influence | | ☐ | ☑ | | | | | | |
| Drug Influence | | ☐ | ☑ | | | | | | |

CHARGE/STATUTE NO.     IF DRUGS

| SEQ. NO. | FELONY | FEL TRAF | MISD | MISD TRAF | ORD | OTHER | CHARGE/STATUTE NO. | ACTIVITY | TYPE |
|---|---|---|---|---|---|---|---|---|---|
| 1. | ☒ | ☐ | ☐ | ☐ | ☐ | ☐ | Poss of Cocaine F.S. 893.13 Bnd 5,000°° | P | C |
| 2. | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | Poss. Drug Paraphernalia F.S. 893.147 Bnd 50°° | P | P |
| 3. | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ | R.A.W.O.V. F.S. 843.02 / Bnd 500°° | ( | ) |
| 4. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | ( | ) |
| 5. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | ( | ) |
| 6. | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | ( | ) |

DEFENDANT'S COPY    PRINCIPAL ARRESTING OFFICER / AGENCY (PRINT) **Ptm F. Zendejas STUART  P.D.**    OFFICER ID NO. **111083**    BONDSMEN / SURETY NAME    BOND AMOUNT **6,000°°**

| CO-DEFENDANT'S (LAST, FIRST, MIDDLE) | VICTIM'S NAME |
|---|---|
| / | STATE OF FLORIDA |

## SUMMARY OF OFFENSES AND PROBABLE CAUSE AFFIDAVIT

The above named defendant was arrested for the following reasons;     **PROBABLE CAUSE**

On above Date and Time I observed the above listed Def. walking on Cloud St in the Sd Walk. I observed the Def. was walking in the Roadway failing to use a side walk where one was provided in violation of FS (Pedestrian Violation). I tried to stop the Def. To Talk to him. I pulled up along side of the Def. and TOLD him to stop that I wanted to TALK to him. Def. said why you need to Talk To me". I opened the door to get out and the Def. turned and began to run. I began to chase the Def. on foot. The Def. reached into his left rear pocket and removed a Cheer cigarette Pk (later found to be Doral). I was 10-15 ft behind the Def. He used Both hands to tear the cig. Pack open. I observed a metal object fall from the cig. Pack. Def.

The preceding is true to the best of my present knowledge or belief.

Signature  *M. Hamer Zendejas  ID83*
*6/20/97  W1*

*Sequence number taken from fingerprint card containing this OBTS number for this arrest.*

FORM 93

Sworn & Subscribed before me this **20** day of **JUNE**, 19 **97**

NOTARY / ASA  *Jo Ann H. Tison  # 058*

My commission expires  *Terri LEO*

Agency  *STUART PD*

# ARREST AFFIDAVIT CONTINUATION

| Agency Case No. | Arrest Date | Defendant Last Name |
|---|---|---|
| 1MD7-087701 | 6-20-97 | HERNANDEZ SKI |

was trying to toss it away. The cig. Pack also fell in the ground. The Def. stopped running at that point and was taken into custody Pursuant 4 F.S. 84302 R.A.W.O.V. Def. did obstruct or oppose me while trying to inforce F.S. - Pedestrian by running away from me.

I recovered the cigarette Pk and also a metal 2inch smoking Device that I saw fall from the Def. hands. (I recovered the item where it fell). I recovered the item and Identified it as a crack Pipe commonly used to smoke crack cocaine. I have come into contact with this type of pipe several times through training and experience. Def. also arrested pursuant to F.S. 853.147 Poss Drug Perphernelia.

I observed a white residue within the chamber of the pipe. I suspected this residue to to be cocaine based on a prior training and experience. A field Test of the Residue showed a Positive Presence of cocaine. Def. arrested Pursuant to F.S 853.13.

Def. Transported to MCT.

I have come into contact with the Def. in the Past and know him to be a Narcotics user with prior arrest for that.

The preceding is true to the best of my present knowledge or belief.

Signature _____ 6/20/97 W1

Sworn & Subscribed before ___ day of JUNE 19 97
NOTARY / ASA ___ 088
My Commission exp ___
Agency 500

JAIL COPY          Page 2 of ___

FORM 126

*ExHiBiT*

# COPY



STATE OF FLORIDA

    Plaintiff

-vs-

**EMMITT HARVEY, JR.**

    Defendant

IN THE COUNTY COURT OF THE
NINETEENTH JUDICIAL CIRCUIT
IN AND FOR MARTIN COUNTY
STATE OF FLORIDA

CASE NO.: **97-3384-MMA**

(JUDGE HARPER)

---

## MOTION TO WITHDRAW PLEA AND SET ASIDE SENTENCE

    COMES NOW, the Defendant, EMMITT HARVEY, JR., by and through the undersigned attorney and moves this Honorable Court to permit Defendant, for good cause, to withdraw his plea of Nolo Contendere in the above styled cause and as grounds therefore would show that:

    1) On August 6, 1997, the Office of the Defendant entered a plea of Nolo Contendere to Count I, Possession of Drug Paraphernalia and Count II, Resisting an Officer Without Violence and was sentenced to time served in both counts.

    3) At the time Defendant entered his plea, he was unable to locate his witnesses, but has since been able to do so.

    WHEREFORE, for the above stated grounds the Defendant, respectfully requests this Honorable Court grant this motion to allow him to withdraw his plea of nolo contendere in the above styled cause.

I HEREBY CERTIFY that a true copy of the foregoing Motion has been furnished to the State Attorney's Office, via courthouse mail this **23rd** day of September, 1997.

Respectfully submitted,

DIAMOND R. LITTY
PUBLIC DEFENDER

BY: _____

Laurie Ehler
Assistant Public Defender
Florida Bar No.: 060925
435 S.E. Flagler Avenue
Stuart, Florida 34994
(561) 288-5581

EXHIBIT

## Witness List

(1). Mrs. Thelma Jones, 909 S.E. Bayou Ave, Stuart, Fla. # 34994

(2). Kenneth Harris / Mother, Kathy A. Mobley, 2457 S.W. Falcon Cir.

(3). Port St. Lucie, Fla. # 34953 / Phone No. # 871-5522.

(4). Charles Colts.,

(5). Mr. Victor Nic Hardy, 913 S.E. Bahama Ave, Stuart, Fla. # 34994

(6). 501 S.E. Church St. Stuart, Fla. # Phone No. # 287-0067 -287-2690

(7). Mr. J.C. Pace, 425 Church St. Stuart, Fla. #

(8). Mr. Mike Jones,

(9). Claude Frazier,

(10). Link Mitchell,

(11). Mr. Robert Parks Sie.,

(12). Linda Davis.,

(13). James Kelly.,

(14). Lenard Jenkins,

(15). Leron Davis.,

(16). Jerny Sapp.,

(17). Salem Sapp,

(18). Emma Johnson, 907 E. 9th St. Stuart, Fla. # 34994

MARTIN COUNTY JAIL

_CAL CONFIDENTIAL                    RECEIVING SCREEN

NAME _Harvey Emmill_____ DOB _8-5-56_____ RACE/SEX _B/M__ SS# _264-21-575_
DATE _6-20-97___ TIME _2230___ NAME OF INTERVIEWER _____

Medical Insurance YES____ NO____ : Insurance Carrier _____

VISUAL OBSERVATION:
1.  Is the inmate unconscious?                                                    YES___NO_✓_
2.  Does the inmate have obvious pain, bleeding, trauma, illness or other
    symptoms indicating the need of immediate emergency services?                 YES___NO_✓_
3.  Does the inmate exhibit any signs of abnormal behavior?                        YES___NO_✓_
4.  Is there obvious fever, swollen lymph nodes, jaundice, or other
    evidence of infection which might spread through the jail?                     YES___NO_✓_
5.  Is there evidence of body vermin, poor skin conditions or rashes?              YES___NO_✓_
6.  Does the inmate appear to be under the influence of any substances?           YES___NO_✓_
7.  Are there any visible signs of alcohol/drug withdrawal symptoms?               YES___NO_✓_
8.  Does the inmate's behavior/physical appearance suggest the risk of suicide?   YES___NO_✓_
9.  Does the inmate's behavior suggest the risk of assault to staff or other
    inmates?                                                                       YES___NO_✓_
10. Is the inmate carrying medication or does he report being on medication
    which should be continuously administered or available?                       YES___NO_✓_
11. Does the inmate have minor cuts/abrasions requiring treatment?                 YES___NO_✓_
12. Is there any unusual condition of skin and body orifices including
    needle marks or other indications of drug use?                                YES___NO_✓_

INMATE QUESTIONNAIRE:
13. Are you presently taking medications for diabetes, heart disease, seizures,
    arthritis, (asthma), ulcers, high blood pressure, psychiatric disorder, or
    any other medical problem?                                                    YES_✓_NO___
14. Do you have a special diet prescribed by a physician?                         YES___NO_✓_
15. Do you have, or have you had, a venereal disease or abnormal discharge?       YES___NO_✓_
16. Have you recently been hospitalized or seen by a doctor for any illness?      YES___NO_✓_
17. Do you have a contagious or communicable disease?                             YES___NO_✓_
18. Are you allergic to any medications? _Tylenol_                                YES_✓_NO___
19. Have you ever been treated for a mental disorder?                             YES___NO_✓_
20. Have you fainted recently or had a recent head injury?                        YES___NO_✓_
21. Do you have, or have you ever had, TB, diabetes, hepatitis, or epilepsy?      YES___NO_✓_
22. Do you have a painful dental condition?                                       YES___NO_✓_
23. If female, are you pregnant or on birth control pills?                        YES___NO___
24. If female, have you recently delivered or aborted?                            YES___NO___
25. Do you have any other medical problems we should know about?                  YES_✓_NO___
26. Do you use alcohol? YES___NO___ TYPE_____
    How much daily_____ Date, time and amount last used_____
27. Do you use drugs? YES___NO___ TYPE_____Method of use_____
    How much daily_____ Date, time and amount last used_____
28. Do you have any suicidal tendencies at this time? YES___ NO___
29. Have you ever attempted suicide before? YES___ NO___
30. Extent of mobility: (if applicable) Limited___, Wheelchair___, Invalid___.
31. Placement: General Population___, ER now___, General Population with later
    MD referral___, Medical___.

REMARKS: _Insulin    15 Tylenol    25   Lower Back , Right Knee_

I HEREBY GIVE CONSENT FOR MEDICAL TREATMENT AND AUTHORIZATION TO OBTAIN AND DISCLOSE MEDIC.
INFORMATION REGARDING TREATMENT AND DIAGNOSIS WHILE INCARCERATED AT THE MARTIN COUNTY JAIL.

INMATE SIGNATURE _Emmill Harvey_____ DATE _6-20-97_

INTERVIEWER SIGNATURE _____ DATE _6-20-97_
(MEDSCREE.FRM)

*EXHIBIT*

## MARTIN COUNTY DEPARTMENT OF CORRECTIONS

### INMATE INTERVIEW

Date: _7/6/97_

Inmate: _Emmett Harvey_ CFN# _____

Interviewer: _K. Major_

Company/Department represented: _Stuart Police Dept_

Remarks: _____

_____

I, _K Major_ , understand and agree
to cooperate with the Martin County Correctional Department
regarding all rules and regulations stipulated by the Facility in
reference to interviewing an inmate. I further agree to terminate
this interview when requested to so by either the inmate or a staff
member.

_____  _7/ 6 /97_  _1000 —_
Signature of Interviewer        Date            Time

I, _____ , an inmate in the
Martin County Jail, agree to this interview (which may be
recorded). I understand that I may terminate the interview at any
time.

_Emmett Harvey_  ___/___/___  _____
Signature of Inmate          Date            Time

_____  _0918_  _7/ 6 /97_  _1055_
Deputy  (Witness)    OSN#    Date            Time

CITY OF STUART DEPARTMENT OF POLICE
CITIZEN COMPLAINT FOR INTERNAL INVESTIGATION

*EXHIBIT*

The Stuart Police Department will investigate any citizen complaint brought against its personnel. To establish a legitimate complaint and to initiate an internal investigation, this form must be signed and sworn to.

COMPLAINANT NAME: *Emmitt Harvey,*

ADDRESS: *907 E. 9th St. Stuart, Fla. Martin County Jail*

PHONE NUMBER: *283-3363*          BUSINESS PHONE: _____

EMPLOYEE(S) NAME(S): *Flamur Zenelovic,*

NATURE OF COMPLAINT: *I was harassed, discriminated, Against Intimidated, threaten, and abused by officer, Flmur Zenelovic, Several times on the Streets, on 6/20/97 officer Flmur Zene lovic, harassed threaten, abused me He also slammed me against the police Car, While the Witness Look on, He stop me for Walking on the Side Walk.*

I agree to fully cooperate with the Stuart Police Department by giving sworn testimony, if requested, as to the full and complete details of the event leading to this action. I will produce all witnesses to this event known to me. If I fail to follow through with an interview, or do not cooperate with the investigator so a sworn statement can be taken, I understand that this complaint will be deemed to have been withdrawn by me. In that event, I will expect that no action will be taken against the employee(s).

Should an investigator need to schedule an interview with me, I am most easily contacted as indicated below:

_____

_____

I, *Emmitt Harvey,* _____, do hereby swear or affirm that the factual allegation(s) made by me above in this complaint are, to the best of my knowledge and belief, true and based upon fact.

*Emmitt Harvey*
Complainant's Signature

The foregoing instrument was acknowledged before me this *2* day of *July* , 19 *97* by *E. Harvey* who has produced *No I.D* as identification and who (did) did not take an oath.
*Martin Cnty Jail*

*Martroc*
Police Officer or
Notary Public, State of Florida at
Large - Commission Expires:

Rev. 8/96





# STUART POLICE DEPARTMENT

## *CHIEF OF POLICE*

## MEMORANDUM

**To:** Officer Flamur Zenelovic

**From:** Joan Waldron, Police Chief

**Date:** August 13, 1997

**Re:** Intended Action I. A. 97-33F                    Page 1 of 2

---

I have reviewed the investigation and comments of your commanders. In addition, I have completed some additional investigation in order to respond to the letter received from the complainant July 24, l997. In researching our records, I learned we have arrested Emmett Harvey on six different occasions in the last nine years. In all but one of those arrests, Harvey resisted arrest, running from the officers in an attempt to toss the suspected illegal drugs prior to seizure by the officers. The one time Harvey did not resist was his arrest of January 3, 1996, when he came to the police department and was arrested by Officer Major in the lobby. One would not expect Harvey to enter the police department with illegal drugs on his person.

Harvey, in his letter complained that Officer Major had been assigned to investigate this case, alleging that he had filed a complaint against her in 1996 as a result of the January 3, l996 arrest. In fact, no such complaint was filed. In reviewing Officer Major's supplemental report of the incident, she merely transported Harvey to the jail on an arrest affidavit of Detective Eric Schaubel. Officer Major was not involved in the investigation which resulted in Harvey's arrest for sale and delivery of cocaine. On May 6, l996, Harvey pled guilty to sale and delivery of the cocaine, and was sentenced on July 8, l996 to one year in the county jail with credit for time served. There was no cause for a complaint to be filed against Officer Major, and I did not request she be relieved of the investigation. Officer Major had actually completed this investigation prior to my receiving his letter requesting she be removed.

Last week, on August 6, l997, Harvey appeared in court on the recent charges by you and Officer Tison. The possession of cocaine charge for the confiscated pipe with residue was reduced to possession of narcotic paraphernalia. Harvey pled guilty to that charge as well as to trespass and resisting arrest, and was sentenced to time served in jail.

The proper location to question the legality of the arrests by the police officers is in the courtroom. Harvey's arrests with the Stuart Police Department all pertain to possession and sale of drugs, resisting arrest, and trespass at locations where illegal drugs are sold. Owners of these locations, in an attempt to prevent the loss of their property under the drug nuisance abatement ordinance, have requested the assistance of the Stuart Police Department in arresting trespassers. Trespassers are issued written documentation of trespass warning by the owners, and a copy of the documentation is kept on file at the department. When Harvey is then observed back on the property, he is arrested.

● Page 1

In Harvey's letter received July 24, he writes of a letter provided to us in January of 1996 from Victor McHardy to drop trespass charges. We have a form which the property owners sign when they wish to withdraw a trespass warning. However, our trespass records are purged each year, and we cannot provide a copy of McHardy's withdrawal in January of 1996, if it did exist. If there was an issue to resolve, Harvey should have resolved the issue last year rather than waiting 20 months later to question the incident. That issue was probably connected to a trespass summons issued to Harvey by Officer Kittredge in December of 1995.

I believe the investigation by Officer Major to be complete and without prejudice. I concur with the investigation and your commanders that the allegations against you are unfounded.

**CONCLUSION:**

Improper Conduct (violation of SPD Policy and Procedures: Values 1,2,and 3; and 4.59) UNFOUNDED

Excessive Force (violation SPD Policy and Procedures: Values 1 and 3; 4.50. 4.51. and 4.52) UNFOUNDED

False Reporting (violation SPD Policy and Procedures: Values 1 and 2; 4.20 and 4.53) UNFOUNDED

**INTENDED ACTION:**

None indicated, none recommended

**OPTION:**

You may show cause, verbally and/or in writing, to me within 48 hours (excluding weekends and holidays) why you should not receive the intended corrective action. Upon reviewing your show cause information, or upon expiration of the 48-hour time period, I will take the action deemed necessary and send this file to the City Manager for his approval.

J. Waldron
Chief of Police

I understand the action taken and the option open to me. My signature only designates its service, not my agreement or disagreement with the findings or action taken.

Officer Flamur Zenelovic

Date: 8/28/97

Served by                    Date

EXHIBIT /

## CITY OF STUART DEPARTMENT OF POLICE
## CITIZEN COMPLAINT FOR INTERNAL INVESTIGATION

The Stuart Police Department will investigate any citizen complaint brought against its personnel. To establish a legitimate complaint and to initiate an internal investigation, this form must be signed and sworn to.

COMPLAINANT NAME: _Emmitt Harvey_

ADDRESS: _907 E. 9th St. Stuart, Fla._

PHONE NUMBER: _285-3363_ BUSINESS PHONE: _____

EMPLOYEE(S) NAME(S): _Bryan Tison,_ / _6/20/97_

NATURE OF COMPLAINT: _Intimidated By Officer Bryan Tison, and Threant By This Officer In the Car From His Word's, Shut the Fuck up Don't Say Any Thing Just Shut the Fuck up, In Side the Jail or Booking Area I Feart Intimidated By This Officer, From the Staring That He Was Doing To Me, I Was In Fear of my Life,_

I agree to fully cooperate with the Stuart Police Department by giving sworn testimony, if requested, as to the full and complete details of the event leading to this action. I will produce all witnesses to this event known to me. If I fail to follow through with an interview, or do not cooperate with the investigator so a sworn statement can be taken, I understand that this complaint will be deemed to have been withdrawn by me. In that event, I will expect that no action will be taken against the employee(s).

Should an investigator need to schedule an interview with me, I am most easily contacted as indicated below:

_____

_____

I, _Emmitt Harvey_ , do hereby swear or affirm that the factual allegation(s) made by me above in this complaint are, to the best of my knowledge and belief, true and based upon fact.

_Emmitt Harvy_
Complainant's Signature

The foregoing instrument was acknowledged before me this _2_ day of _July_ , 19 _97_ by _Emm.T Harvey_ who has produced _No I.D_ as identification and who did/did not take an oath.
_Martin Cnty Jail_

_____ _Marr 92_
Police Officer or
Notary Public, State of Florida at
Large - Commission Expires:



# STUART POLICE DEPARTMENT

## *CHIEF OF POLICE*

# MEMORANDUM

**To:** Officer Brian Tison

**From:** Joan Waldron, Police Chief

**Date:** August 14, 1997

**Re:** Intended Action I. A. 97-33F                                        Page 1 of 2

---

I have reviewed the investigation and comments of your commanders. In addition, I have completed some additional investigation in order to respond to the letter received from the complainant July 24, 1997. In researching our records, I learned we have arrested Emmett Harvey on six different occasions in the last nine years. In all but one of those arrests, Harvey resisted arrest, running from the officers in an attempt to toss the suspected illegal drugs prior to seizure by the officers. The one time Harvey did not resist was his arrest of January 3, 1996, when he came to the police department and was arrested by Officer Major in the lobby. One would not expect Harvey to enter the police department with illegal drugs on his person.

Harvey, in his letter complained that Officer Major had been assigned to investigate this case, alleging that he had filed a complaint against her in 1996 as a result of the January 3, 1996 arrest. In fact, no such complaint was filed. In reviewing Officer Major's supplemental report of the incident, she merely transported Harvey to the jail on an arrest affidavit of Detective Eric Schaubel. Officer Major was not involved in the investigation which resulted in Harvey's arrest for sale and delivery of cocaine. On May 6, 1996, Harvey pled guilty to sale and delivery of the cocaine, and was sentenced on July 8, 1996 to one year in the county jail with credit for time served. There was no cause for a complaint to be filed against Officer Major, and I did not request she be relieved of the investigation. Officer Major had actually completed this investigation prior to my receiving his letter requesting she be removed.

Last week, on August 6, 1997, Harvey appeared in court on the recent charges by you and Officer Zenelovic. The possession of cocaine charge for the confiscated pipe with residue was reduced to possession of narcotic paraphernalia. Harvey pled guilty to that charge as well as to trespass and resisting arrest, and was sentenced to time served in jail.

The proper location to question the legality of the arrests by the police officers is in the courtroom. Harvey's arrests with the Stuart Police Department all pertain to possession and sale of drugs, resisting arrest, and trespass at locations where illegal drugs are sold. Owners of these locations, in an attempt to prevent the loss of their property under the drug nuisance abatement ordinance, have requested the assistance of the Stuart Police Department in arresting trespassers. Trespassers are issued written documentation of trespass warning by the owners, and a copy of the documentation is kept on file at the department. When Harvey is then observed back on the property, he is arrested.

**Intended Action I. A. 97-33F**                                        **Page 2 of 2**

In Harvey's letter received July 24, he writes of a letter provided to us in January of 1996 from Victor McHardy to drop trespass charges. We have a form which the property owners sign when they wish to withdraw a trespass warning. However, our trespass records are purged each year, and we cannot provide a copy of McHardy's withdrawal in January of 1996, if it did exist. If there was an issue to resolve, Harvey should have resolved the issue last year rather than waiting 20 months later to question the incident. That issue was probably connected to a trespass summons issued to Harvey by Officer Kittredge in December of 1995.

I believe the investigation by Officer Major to be complete and without prejudice. I concur with the investigation and your commanders that the allegation of excessive force is unfounded. I also concur with their conclusion that your comment of "shut up" to Harvey is improper conduct. While I realize how frustrating it must be to have to listen to Harvey's non-stop complaints and allegations, we charge all employees with the responsibility of upholding the outstanding reputation of Stuart Police Officers for politeness and courtesy.

**CONCLUSION:**

Improper Conduct (violation of SPD Policy and Procedures: Values 1,2,and 3; and 4.59) SUSTAINED

Excessive Force (violation SPD Policy and Procedures: Values 1 and 3; 4.50. 4.51, and 4.52) UNFOUNDED

**INTENDED ACTION:**

Counseling from his supervisor, with appropriate documentation in performance appraisal file.

**OPTION:**

     You may show cause, verbally and/or in writing, to me within 48 hours (excluding weekends and holidays) why you should not receive the intended corrective action. Upon reviewing your show cause information, or upon expiration of the 48-hour time period, I will take the action deemed necessary and send this file to the City Manager for his approval.

J. Waldron
Chief of Police

I understand the action taken and the option open to me. My signature only designates its service, not my agreement or disagreement with the findings or action taken.

Officer Brian Tison

Date: 8-28-97

Served by                     Date

EXHIBIT

## CITY OF STUART DEPARTMENT OF POLICE
## CITIZEN COMPLAINT FOR INTERNAL INVESTIGATION

The Stuart Police Department will investigate any citizen complaint brought against its personnel. To establish a legitimate complaint and to initiate an internal investigation, this form must be signed and sworn to.

COMPLAINANT NAME: _Emmitt Harvey_

ADDRESS: _800 S.E. Monterey Rd. 34995 - 4507_

PHONE NUMBER: _____ BUSINESS PHONE: _____

EMPLOYEE(S) NAME(S): _Joan Waldron,_

NATURE OF COMPLAINT: _Failuree to conduct her self as a officer of the law, negligence of the officer under her because she have allower these officers to harass, discriminate intimidate me, and the citizens of East Stuart, she have violated the policies, refuse to investigate the officer that have complaint against them_

I agree to fully cooperate with the Stuart Police Department by giving sworn testimony, if requested, as to the full and complete details of the event leading to this action. I will produce all witnesses to this event known to me. If I fail to follow through with an interview, or do not cooperate with the investigator so a sworn statement can be taken, I understand that this complaint will be deemed to have been withdrawn by me. In that event, I will expect that no action will be taken against the employee(s).

Should an investigator need to schedule an interview with me, I am most easily contacted as indicated below:

_____

_____

I, _Emmitt Harvey_, do hereby swear or affirm that the factual allegation(s) made by me above in this complaint are, to the best of my knowledge and belief, true and based upon fact.

_Emmitt Harvey_
Complainant's Signature

The foregoing instrument was acknowledged before me this _18th_ day of _Sept_, 19 _97_ by _Harvey_ who has produced _____ as identification and who did/did not take an oath.

_____
Police Officer or
Notary Public, State of Florida at
Large  -  Commission Expires:

Rev.  8/96



Emmitt Harvey
October 1, 1997
Page 3

97-42I, Complaint against Police Chief Joan Waldron

Your complaint alleges that I have failed to investigate your complaints against officers. In the taped statement you say that I failed to respond to your request (letter of July 21, 1997) to file a complaint on Officer Major. Your letter of September 5, 1997 alleges the same, and asks for three citizen complaint forms.

We completed the investigation of the one and only previous complaint filed by you, that being 97-33F, which is still pending before the Stuart Citizen Independent Review Board. I responded to your allegations against Officer Major in your letter of July 21, 1997 in my conclusion comments in 97-33F.

You were released from jail on August 8, 1997 and were free to come to the police department to inquire about your complaint or to file new complaints prior to your arrest on August 29, 1997. I am under no obligation to look for you on the streets to provide you with complaint forms.

You state no basis for your other allegations of racism, discrimination and intimidation, other than you believe Stuart Police Officers are harassing you with arrests. The fact is, you have been arrested several times by Stuart Police Officers, and on each occasion the State Attorney has prosecuted you. You have pleaded guilty and been convicted of recent charges, which include sale and delivery of cocaine, possession of narcotic paraphernalia, trespass, and resisting arrest.

I would also like to respond to the complaint against Sergeant Bruce Onizchak in your last letter of September 23, 1997. Sergeant Onizchak did have copies made of your complaints and left the copies at the jail in the central control office. As to the other allegations concerning your arrest, the proper place to contest the charges against you is in the Court.

Sincerely,

Joan Waldron
Chief of Police

JW/lb

<u>STUART INDEPENDENT REVIEW BOARD</u>

Case No. 97-23

IN RE:

    Chief Joan Waldron

_____ )

<u>R E C O M M E N D A T I O N</u>

    The Stuart Independent Review Board (Board) conducted its review of the October 8, 1997 Memorandum report of the City Manager regarding Police Chief Joan Waldron (Report) filed in this matter at its meeting held October 16, 1997.   The Board has considered the Report of the City Manager in its entirety and exclusively as required by the ordinance.

    WHEREAS, the Board finds:

1.    The investigation of the City Manager was complete.

2.    The conclusions of the City Manager as to the  factual issues presented, as indicated in the Report, are correct in all respects.

3. The determination of the City Manager that the allegations contained in the subject citizen complaint, in light of the information produced during the investigation thereof, have not been demonstrated is correct.

4. The determination of the City Manager that the Chief not be disciplined is approved.

NOW THEREFORE, the Board approves the determination of the City Manager in this matter in all respects:

| | |
|---|---|
| Chairperson James Stuckey | AYE |
| Vice-Chairman Robert McGrath | AYE |
| Bob McCue | AYE |
| Nancy Turrell | ABSENT |
| Ned Kenna | AYE |
| William Hannah | AYE |

The original of this RECOMMENDATION shall be filed immediately with the City Manager.

Date: _____October 21_____, 1997

James Stuckey
Chairman



# STUART POLICE DEPARTMENT

*Joan Waldron, Chief of Police*

830 Martin L. King, Jr. Blvd. ✦ Stuart, Florida 34994-2408 ✦ Telephone 561/287-1122 ✦ Fax 561/220-5986

October 28, 1997

Emmitt Harvey
800 SE Monterey Road
Stuart, Florida  34994-4507

Dear Mr. Harvey:

Enclosed, please find copies of the last three citizen complaints for internal investigation which you filed with this department. Also enclosed are copies of the recommendations by the Stuart Independent Review Board which met October 16, 1997. The Review Board is made up of members from the community appointed by the Stuart City Commission to review all citizen complaints filed against City employees. Both the City Manager and the Review Board concurred with my decision in regards to the complaints.

Also reviewed by the Board was your citizen complaint for internal investigation on Officers Tison and Zenelovic. The Board also concurred with my decision that Officer Tison should not have told you to "Shut up" and he will be counseled in a more appropriate way to handle such situations. My memorandum and the decision of the Review Board are also included with this letter.

We have no record of your ever filing any other complaints against any Stuart Police employees. If you have filed complaints with other jurisdictions such as the Justice Department, we have never been notified that any investigation was being conducted.

Sincerely,

Joan Waldron

Joan Waldron
Chief of Police

JW/lb

Encl.

*"In Partnership with the Community"*

*EXHIBIT 1*

## CITY OF STUART DEPARTMENT OF POLICE
## CITIZEN COMPLAINT FOR INTERNAL INVESTIGATION

The Stuart Police Department will investigate any citizen complaint brought against its personnel. To establish a legitimate complaint and to initiate an internal investigation, this form must be signed and sworn to.

COMPLAINANT NAME: *Emmitt Harvey*

ADDRESS: *800. S.E. Monterey Rd. 34994-4507*

PHONE NUMBER: _____ BUSINESS PHONE: _____

EMPLOYEE(S) NAME(S): *Kim Major*

NATURE OF COMPLAINT: *Failure To Conduct Her Self As a Officer Misconduct Discrimination, She did not Compleat the Investigation, She Refuse To Let Me Read The Tapped Statements, Refused To Investigate The Officers.*

_____

I agree to fully cooperate with the Stuart Police Department by giving sworn testimony, if requested, as to the full and complete details of the event leading to this action. I will produce all witnesses to this event known to me. If I fail to follow through with an interview, or do not cooperate with the investigator so a sworn statement can be taken, I understand that this complaint will be deemed to have been withdrawn by me. In that event, I will expect that no action will be taken against the employee(s).

Should an investigator need to schedule an interview with me, I am most easily contacted as indicated below:

_____

_____

I, *Emmitt Harvey*, do hereby swear or affirm that the factual allegation(s) made by me above in this complaint are, to the best of my knowledge and belief, true and based upon fact.

*Emmitt Harvey*
_____
Complainant's Signature

The foregoing instrument was acknowledged before me this *18th* day of
*Sept*, 19 *97* by *Harvey* who has produced _____ as identification and who did/did not take an oath.

_____
Police Officer or
Notary Public, State of Florida at
Large – Commission Expires:

Rev. 8/96

STUART INDEPENDENT REVIEW BOARD

Case No. 97-22

IN RE:

    Ofc. Kim Major

_____ )

R E C O M M E N D A T I O N

    The Stuart Independent Review Board (Board) conducted its review of the October 8, 1997 Memorandum report of the City Manager regarding Ofc. Kim Major (Report) filed in this matter at its meeting held October 16, 1997.  The Board has considered the Report of the City Manager in its entirety and exclusively as required by the ordinance.

    WHEREAS, the Board finds:

1.   The investigation of the City Manager was complete.

2.   The conclusions of the City Manager as to the factual issues presented, as indicated in the Report, are correct in all respects.

3. The determination of the City Manager that the allegations contained in the subject citizen complaint, in light of the information produced during the investigation thereof, have not been demonstrated is correct.

4. The determination of the City Manager that the officer not be disciplined is approved.

NOW THEREFORE, the Board approves the determination of the City Manager in this matter in all respects:

| | |
|---|---|
| Chairperson James Stuckey | AYE |
| Vice-Chairman Robert McGrath | AYE |
| Bob McCue | AYE |
| Nancy Turrell | ABSENT |
| Ned Kenna | AYE |
| William Hannah | AYE |

The original of this RECOMMENDATION shall be filed immediately with the City Manager.

Date: __October 21__, 1997

_____
James Stuckey
Chairman

EXHIBIT

## CITY OF STUART DEPARTMENT OF POLICE
## CITIZEN COMPLAINT FOR INTERNAL INVESTIGATION

The Stuart Police Department will investigate any citizen complaint brought against its personnel.  To establish a legitimate complaint and to initiate an internal investigation, this form must be signed and sworn to.

COMPLAINANT NAME: _Emmitt Harvey_

ADDRESS: _800 S.E. Monterey Rd. 34995-4507_

PHONE NUMBER: _____  BUSINESS PHONE: _____

EMPLOYEE(S) NAME(S): _Det Eric Schaubel,_

NATURE OF COMPLAINT: _I was threaten, and intimidated, discriminated, by the Det. Eric Schnabel, on 8/29/97 inside the interrogation room. Misconduct, harassment, He also threaten me with the habitual and mandatory sentence, and stated that he would make sure that the state attorney office give me this sentence_

I agree to fully cooperate with the Stuart Police Department by giving sworn testimony, if requested, as to the full and complete details of the event leading to this action.  I will produce all witnesses to this event known to me.  If I fail to follow through with an interview, or do not cooperate with the investigator so a sworn statement can be taken, I understand that this complaint will be deemed to have been withdrawn by me.  In that event, I will expect that no action will be taken against the employee(s).

Should an investigator need to schedule an interview with me, I am most easily contacted as indicated below:

_____

_____

I, _Emmitt Harvey_, do hereby swear or affirm that the factual allegation(s) made by me above in this complaint are, to the best of my knowledge and belief, true and based upon fact.

_Emmitt Harvey_
Complainant's Signature

The foregoing instrument was acknowledged before me this _18 th_ day of
_Sept_, 19 _97_ by _Emmitt Harvey_ who has
produced _____ as identification and who did/did not take an oath.

_____
Police Officer or
Notary Public, State of Florida at
Large  -  Commission Expires:

Rev.  8/96

EXHIBIT

STUART INDEPENDENT REVIEW BOARD

Case No. 97-21

IN RE:

    Ofc. Eric Schaubel

CORRECTED
R E C O M M E N D A T I O N

    The Stuart Independent Review Board (Board) conducted its review of the October 8, 1997 Memorandum report of the City Manager regarding Ofc. Eric Schaubel (Report) filed in this matter at its meeting held October 16, 1997.  The Board has considered the Report of the City Manager in its entirety and exclusively as required by the ordinance.

    WHEREAS, the Board finds:

1.   The investigation of the City Manager was complete.

2.   The conclusions of the City Manager as to the  factual issues presented, as indicated in the Report, are correct in all respects.

3.   The determination of the City Manager that the allegations contained in the subject citizen complaint, in light of the information produced during the investigation thereof, have not been demonstrated is correct.

4.   The determination of the City Manager that officer Eric Schaubel not be disciplined is approved.

NOW THEREFORE, the Board approves the determination of the City Manager in this matter in all respects:

| | |
|---|---|
| Chairperson James Stuckey | AYE |
| Vice-Chairman Robert McGrath | AYE |
| Bob McCue | AYE |
| Nancy Turrell | ABSENT |
| Ned Kenna | AYE |
| William Hannah | AYE |

The original of this RECOMMENDATION shall be filed immediately with the City Manager.

Date: _October 24_ , 1997

_____
James Stuckey
Chairman

RETURN OF SERVICE

RECEIPT NUMBER: 0000567-FB

*EXHIBIT*

PERSON TO BE SERVED:
      CORP/DBA:   STUART POLICE DEPARTMENT
      ADDRESS:    830 SE MLK BLVD
                STUART


PLAINTIFF:  EMMITT HARVEY, INDIGENT
     -VS-
DEFENDANT:  STUART POLICE DEPT. ET AL.



       EMMITT HARVEY
       800 SE MONTEREY RD
       STUART, FL 34994

PLAINTIFF/ATTORNEY

CASE NUMBER: 97597CAP
    COURT: CIRCUIT/MARTIN                COURT DATE:

TYPE OF WRIT:  SUMMONS/NOTICE OF ACTION & CLAIMS/EXHIBITS

Received the above-named writ on February 25, 1998 at 10:23 AM and served
the same at 09:34 AM on March 09, 1998 in MARTIN-1998 County, Florida,
as follows:

PUBLIC AGENCIES AND OFFICERS

  By delivering a true copy of this writ together with a copy of the
initial pleadings, if any, with the date and hour of service endorsed
thereon by me to-wit: KARL KRUEGER, SR.
as              of the within named agency by complying with
Chapter 48.111, Florida Statutes.


  OF THE CITY OF STUART.
  SAME ADDRESS.

CIVIL COSTS                    ROBERT L. CROWDER, SHERIFF
                         MARTIN-1998 COUNTY, FLORIDA
FEE: $ 0.00


TOTAL DEPOSIT: $ 0.00          BY: ROSEITA DICKERSON

SC                                   DEPUTY SHERIFF

*EXHIBIT*

```
HARVEY EMMITT              PLAINTIFF      CASE    9700597CAP  LS (OPEN)
                                          FILED   08 21 97    NJT
                                          TYPE    OTHER CIVIL (0015)
                                          JUDGE   SCHACK LARRY (0018)
                                          DAMAGES 00
                                          DISPOS          DATE 00 00 00
                                          MFILM
                                          ATTN    SELF (8888)

STUART POLICE DEPT ET AL.  DEFENDANT               CF (    )
                                                   DISP:
                                                              00 00 00


WALDRON JOAN POLICE CHIE   DEFENDANT               CF (    )
                                                   DISP:
                                                              00 00 00


ZENELOVIC FLAMUR OFFICER   DEFENDANT               CF (    )
                                                   DISP:
                                                              00 00 00


TISON BRYAN OFFICER ET A   DEFENDANT               CF (    )
                                                   DISP:
                                                              00 00 00


MAJOR KIM OFFICER ET AL    DEFENDANT               CF (    )
                                                   DISP:
                                                              00 00 00


LYON CAPTAIN ET AL.        DEFENDANT               CF (    )
                                                   DISP:
                                                              00 00 00


DOCKET-DTECODE    DATA:
  8 21 97  102    CCS:NTC OF ACTION & CLAIMS:(FILE SENT TO STEPHANIE):

  9 26 97  105    P-EMMITT HARVEY-(PRISONER PACKETT-AFFIDAVIT OF INDIGENCY ATT
                  ACHED:AMENDED CMPLT:SMS TO-THE STUART POLICE DEPT,DET ERIC S
  9 26 97  105    CHANBEL MCSO W/CERT COPY OF AFFIDAVIT OF INDIGENCY:

 10 07 97  105    AFF OF INSOLVENCY & REQUEST FOR WAIVER OF FEES:
```

1. SMS - SUMMONS
2. AFF - AFFIDAVIT
3. W/ - WITH
4. NTC - NOTICE

IN THE C⎯⎯IT COURT OF THE NINETEEN
JUDICIAL ⎯ ⎯CUIT, IN AND FOR MARTIN ⎯ ⎯TY, FLORIDA.

*Exhibit 1*

EMMITT HARVEY,
PLAINTIFF.

CIVIL DIVISION
CASE# *97-597-CAP*

V.
STUART POLICE DEPT. ET AL.
POLICE CHIEF, JOAN WALRON , OFFICIAL CAPACICY.
POLICE OFFICER, FLAMUR ZENELOVIC,
POLICE OFFICER, BRYAN TISON,
POLICE OFFICER, KIM MAJOR,
POLICER OFFICER,CAPTAIN, LYON,


DEFENDANTS.


NOTICE OF ACTION AND CLAIMS
-----------------------------


now comes the plaintiff, emmitt harvey, and file this notice, under the
florida statues, (768.28)notifying the defendants that the plaintiff,
have file, and served on them the notice of action and claims .
for their (negligences) and (liability), and from their (negligence) AND
(liability) they have violated the plaintiff constitutional, and civil,
rights, under the first, fourth, eight, and the fourteenth, amendment.
these defendants have (deprived) , and shown (deliberate inifference)
from the (harassment). ,and (discrimination),that occured, they have
violated the (rules). (regalations). and the (policies) that comes from
the action under color of state law), their failure to conduct themselfs
as offers of the law) when the plaintiff was (harassed) and (discriminat
(, againsted on 6/20/97 when the arrest occured on church street, the
defendant, have failed to protect the citenzens rights, as ( african
amrican, citenzens,) every officeis responsible for knowing and respecti
a persons rights intentionely,, for false arrest), ( abuse of power),
( misconduct), ( conspiring ), ( corruption), ( conpiracy), the (
negligent non feasance in hiring, and ( supervision of offending offers.
for their ( threating), ( intimidation), (abuse), ( purjury), all
defendants, in this case are liable and negligent, for violating the
plaintiff rights, under does amendments, the stuart police department,
is liable, and negligent, for thes offers, the chief, of police joan
waldron, in her official capacity, is also liable, and negligent, for
the plaintiff, rights , that was violated from the officers, negligents,
the plaintiff, brings a civil rights action against these defendants,
alleging a number of conditions in which he was arrested and taken to ja
the plaintiff, complained that his rights was violated, under these
amendments, from the defendants.
as law enforcement officers, these officers, refused to read the plainti
his rights, under the miranda warnings.

**40**

1   *Composite Exhibit "3"*

FACTS UPON THE PLAINTIF    ELIES

---

the plaintiff, frist amendment, has been violated by the defendants,
because the plaintiff, have been guaranteed the freedom of speech,and
the freedom of the press, we have the rights also, and THEy have been violat.
i have the right to walk and the freemdom to walk on the sidewalk at any
time that i fill like walking, i have the freedom to walk away from these
officers, if i want to, i have the right to tell him to leave me the hell
along,  and stop harassing me, and if i fill like i want to run from him
i have that right also. s-p-d. I, didnt receive any citations from these
officers, forWAlKing on the sidewalk, or in the roadway, the arresting
officers, was lying in theirprobable cause affidavit.
the plaintiff, fourth amendment, has been violated by these defendants,
a individuals rights to be free from unlawful arrest is a right protected,
or secured, by federal constitution, a violation of which may be grounds,
for ( false arrest,) or ( wrongful arrest(under the city ordinances, for
the purposes of harassment, misuse of power, these officers did not act in
good faith, and with reasonable belief as to validity of their action.
the claim for conspiracy for the lack of probable cause. to detain the
plaintiff, and use of excessive force, arising out of the same facts and
arrest.. no probable cause, existed against the plaintiff, who was arrestec
for the third time by this same officer, innocently, based upon the office:
personal dislike, the officer intentionally, and even negligently acted
to deprive the plaintiff of his rights, liberty, or property, ther were
no arrest warrants out against the plaintiff.
the plaintiff, state cause of action against these defendants, and the
police chief, joan waldron, and the stuart police department, and several
city police officers, through the allegation that they acted under color
of law, and in scopes of their employment, as law enforcement officers,
the wrongful arrrest, the wrongful investigation, of their law enforcement
officer, for acting under city policy, of taking the citenzens or african
american, into the custody,with out determining the probable cause, and
violating the plaintiff, constitutional rights, for the arrest with the
probable cause,   or the dislike, for personal reasons.
the plaintiff, fourteenth amendment, has been violated by these defendants,
every officer of the law is responsible for knowning, and respecting a
persons rights, the stuart police department, and their officials are all
liable, and negligent, for violating the plaintiff rights, that was undoub-
tably cause by the officers of the stuart police department, and their
deliberate indifference, upon the plaintiff.
and since the plaintiff arrest and taken to the county jail, the plaintiff
rights was violated deliberately, by the officials at the jail.
the officials at the jail have violated the (eighth),and the (fourteenth)
amendment, from the denier of the medial attention, the unsanitary conditi
have denied the plaintiff, the access to respond to calls for help in case

of emergency situations, the plaintiff sixth amendment was also violated

from the denierl of the access to the law library, and to the courts,

the inadequate law books and legal materials.

on 5/5/97 the plaintiff was harassed, and discrimimated against intentiona

befor this incident the plaintiff was harassed, and discriminated, against

on several different dates, by this SAme officer, flamur zenelovic,

this officer have deprived and violated the civil, and constitutional rights
of the plaintifff, this officer have shown personal animosity. he have
conspired with other officers to arrest me ,have shown prejudice,and
deliberated indifferences,its a blant violation, to go around violating the
citenzens rights, the plaintiff would have this court know that these curren
problems seems to have exsited before with in the department, this is surely
a negligenecs, and the department is liable, for them.

and the stuart police department have certainly shown  very poor judgement,
and that they intentionely shown deliberately indifferences, upon the
plaintiff, in this case, and many african americans, citizens, over a perior
of time, these problems have exsited for a sufficient lenth of time, because
the defendant knew of these problems and still refused, and ignored the
problems, constituting serious violations, of the plaintiff constitutional,
and civil rights, its a blant violation, because an individual dress causal
sometime doesnt mean that that indiviual, or person have to be dealing in
drugs, and subject to be harassed, or discriminated against by the stuart
police department, this same officer have constantly harassed, and dis-
criminatedagainst me before, but never hasany evidence, from me.

he have always tried to arrest me for drugs, or say that i had drugs ,or
drugs paraphernala, but never has any evidence, this officer have harassed,
and discriminated against me several time in the past, on 1/24/97, a
unknown date, 5/5/97, 5/21/97, 6/20/97,

THE NATURE OF THE RELIEF SOUGHT
-----------------------------------

the nature of the relief sought by the plaintiff, is a notice of action

and claims, and if the relief isnt granted the plaintiff, will file

complaint , on the defendant, the plaintiff notice of action and claims,

is also commanding that the defendants, and the courts, grant the plaintif
his comand, because these conditions have exsited for a sufficient lenth

of  time , and  the defendants are aware of these problems, and want stop,
to know avail.
all defendants are liable, and negligent, for the damages, and relief.
thats demanded in the notice of action and claims,

the plaintiif, seeks damages, in this action.
for the mental destress, discrimination, intimidation, abuse, misconduct,
abuse of power, the failure to protec the citenzens, the dameges for
violating the plaintiff constitutional and civil, rights.

for the intentional deliberte indifference, for the neg ligents, and
liability, of the non feasance in hiring, and supervison, of offening
officers, the illegal arrest, for the punitive damages, monetary damages
the abuse by officers, that operating undercolor of law, the deprivation
of rights,the prejudice, conspiracy, conspiring, and also at this time
the pliainiff would like to pray to the court, that it would by all mean
appoint an attorney to represent the plaintiff, the attorney fees incured.
i do emmitt harvey, the plaintiff, bring this notice of action and claims
on the courts, and against the defendants in this action, and case.
for the sum of    1.000.000.00 dollers.
to bring forward all evidence, records, documents thats associaed with
all defendants in this case, tril by jury or by the judge, reprimand
all officers indict al defendants in this case, a grand jury investigation

        where fore, the plaintiff pray for directions from the courts,
to enter judgment in favor of the plaintiff, and i emmitt harvey, do bring
this notice of action and claims, on to the courts, and against the
defendants, thats named in this action and claims.

ARGUMENTS

the defendants is the stuart police dept, etal.the police chief. joan
waldron, in her official capacity. also officer flamur zenelovic,
officer bryan tison, policer kim major, / captain lyon, /
all relies on their on rules, and standards, and operates what they claims
to be in accordance with the city police dept, policies, and all defendants
are acting under the color state law, and. in the scopes of their employment
as lawenforcement officers, and where they conspired to have the plaintiff,

these defendants are not operating in accordance to the policies, and
direction, and guidelines of the dept, this department must stop the
harassments, and the discrimnation, conspiring, abuse, misconduct,abuse
of power, illegal arrests, intimidation, and the failure to protect the
african americans citenzens, the intentional and deliberted indifference
the negligences, of the non feasance in hiring and supervision of offening
officers, must stop the stuart police dept, from investigating in on their
on officers, because there administration would be conspiring.
this is a blant violation,, the grand jury must indict, all defendants.
the defendant officer flamur zenelovic, and officer bryan tison, reinjured
the plaintiff, left wrist, and then these officers bragged that the state
would take care of me now, he stated that he would take the case to tril
and i would lose, because this is the thried time thathe have arrseted me

for the same thing, and that he told me that he was going to get me .
officer kim major, stated to me that the chief of policer joan waldron,
and the captain lyon, had sent her out to the jail to investigate the
complaint that i file on the officers.
the plaintiff is filing a complaint on officer kim major, of the stuart
police dept, from the remarts that she made, the unfair treatment that
i received from her doing the hold investigation.
no officer should never investigate on another officer, that is call
conspiring, or conspiracy, and showing good faith to justify, and uphold
the law, and the department, and the officers, this also creates
discrimination, harassment, misconduct, prejudice, this is also unethical
and a embarrssment, to the department, the plaintiff, recommend the
disqualification of any law officers toinvestigate on another officer
this would be  a blant violation,, to hold other officers to investigate
on other officers,might cause thes officers, to become so concerned about

5

**44**

their potential partner, and the civil liability, that they ~~might~~ might not
be able to perfrom their duties objectively, because some officers might
act as legal advisor to the other officers during the investigation,
of any activities in that case.
yes the plaintiff have been damaged  from the investigation.
and the violation of the plainitff, rights.
INTENTIONAL INFliction of emotionAl DistReSS.

45

and conspiring going on with these Law officers. There should be enough evidence in these officers file to bring charges against these officers. There needs to be a Grand Jury Investigation. A copy of this letter will undoubtably go to "The Stuart News" at 1939 S.E. Federal Hwy. Stuart, Fla. 34994, and a copy will go to the Martin County News Bureau, 2101 S. Kanner Hwy 34994.

I have sent letters to the Police Chief Joan Walden, asking for complaint affidavits forms for the officers and she refused. The States Attorneys office told me to ask for complaints affidavits forms and I have also ask for complaint forms to file on the Martin County correction officers and supervisors of the jail. Now if the Florida Department of Law Enforcement don't do any thing about these problems then we must file law suits with the S.C.L.U.

Officer Zenelovic #83 have harassed me several times and stop me and my sister before for drugs and there were no drugs in the vehicle. He has tried to put drugs on me. He has tried to arrest me for drugs but could not, because I had witnesses. He has always tried to arrest me for drugs or say that I had poss. of paraphernalia, but never has any evidence.

**48**

because a ind      al dress causal do not mean ⌐ ⌐   that pearson have to be a drug

dealer, and subject to be harassed, by police officers  ,

this officer have constantly harasser me, but not only me other african american,

in the east stuart area, this same officer arrested me for trustpassing, on mr.

victor mchardy, proerty several times but the charges was discharged, because mr.

victor mchardy, wrote a letter for me to be on the proerty to visit mr. j.c. pace,

i then gave the letter to the stuart police department, secretarys office,

on 1/3/96 the charges was discharged because the state attorney told me that the

charges was discharged also we have a problem at the martin county jail.

**49**

EXHIBIT

EMMITT HARVEY,

A–4 ZONE, 1

800 s.e. MONTEREY rd.
MARTIN COUNTY JAIL

STUART, FLA, 334994

re.

JOAN WALDRON,
STUART POLICE DEPARTMENT
830 s.e. MARTIN LUTHER KING JR. blvd.
STUART, FLA. 34994

TO.

WHOME IT MAY CONCERN.

I AM WRITING TO INFORM YOU THAT I HAVE BEEN HARASSED DISCRIMINATED, THREATEN, AND

INTIMIDATED, SEVERAL TIMES DOING OUR INCIDENT, BY OFFICER ZENELOVIC, #83 YES I WOULD

LIKE VERY MUCH TO FILE A COMPLAINT ON THIS OFFICER, EITHER TO YOU AND THE MAGISTRATE,

OR THE FLORIDA DEPARTMENT OF LAW INFORCEMENT, OFFICE IN TALLAHASSEE, YOU SHOULD BE

AWARE THAT I HAVE FILE ON YOUR OFFICERS BEFORE IN THE PAST, CONCERNING THESE SAME

PROBLEMS, ALSO BE ADVISED THAT OFFFICER ZENELOVIC, HAVE HARASSEED, DISCRIMINATED,

THREATEN, AND INTIMIDATED, ME, ON 6/20/97 THIS OFFFICER STATED TO ME THAT EVERY TIME

THAT HE SE ME ON THE STREETS, THAT HE WOULD MAKE IT HIS BUSINESS TO HARASS ME , AND TAKE

ME TO JAil, FOR SOMETHING, THIS OFFICER HAD NO BUSINESS HARASSING ME FOR WALKING.

ONTHE STREETS, OR THE SIDEWALK, ALSO THIS OFFICER SLAMMER ME AGINEST THE P)LICE CAR.

ALSO THIS OFFICER WAS WRONG FOR ACCUSING ME OF HAVING PARAPHERNALIA.

I NEED TWO COMPLAIT AFFIDAVIT FORMS, ONE FOR OFFICER ZENELAVIC, #83 AND OFFICER TIYSON,#8

RESPECTFULLY SUMMITTED

EMMITT HARVEY,

**46**

EXHIBIT

Florida Department of Law Enforcement
Post Office Box 1489
Tallahassee, Fl. 32302

To Whom It May Concern:

This letter is in reference to the problem that I have
been having with the Martin County Sheriff Department, their officer's, and
the conditions of the Martin County Jail. The Stuart Police Department, and
their officers investigations.

I am informing you that I have been harassed, discrim-
inated against, threaten, intimidated, abused, by both Law Inforcement Officers.
You should be aware that I have filed complaints on both Law Inforcement offices
last year with their Internal Affair Office. Nothing was done about these problems.
I've even filed a complaint with the Civil Right Commissioners in Washington,
D.C..

On 6-20-97,  Officer Flamur Zenelovic, #83 and officer Tison, #88 did
harassed, discriminated, threaten, intimidated, and abused me by slamming me up
against their Police Car on 6-20-97.During the arrest in this case, this officer
Zenelovic #83 stated to me that every time that he sees me on the street's or
anywhere that he would make it his business to harass me and TAKE me to jail,
know matter what. This officer had no business harassing me on this date for
walking on the sidewalk. These officers were wrong for accusing me of having
possession of paraphernalia. This same paraphernlia in which this Officer Zene-
lovic #83 claims that I poss the witness are saying something different. The
witness in this case is also saying that Officer Zenelovic #83 slammed me agai-
nst the Police Car or Cruiser. That Officer Zenelovic did not get any paraphernalia
off Mr. Harvey. My witnesses are also saying that the officer's did in fact
stop me for walking on the sidewalk. I'm very disappointed in the Stuart Police
Department, and their officers. Ihave also been in contact with the F.B.I.,
about these problems that I have been having with these officers. It's these
officers sole responsibility to protect the citenzens and not go around harassing,
threaten, discriminate, abuse,and intimidate the citenzens. These officers have
commited perjury. These officers have violated my Civil Rights and constitutional
Rights. Have violated my 4th, 5th, 6th, 14th and 8th amendments. They have also violated
their own rules and regulations,and ethic.

These officers stated that they were very much prejudice.
There is a corruption going on with these two Law Officers. There is conspiracy

**47**

EXHIBIT

IN THE CIRCUIT COURT OF THE
19TH JUDICIAL CIRCUIT IN AND FOR
MARTIN COUNTY, FLORIDA

CASE NO. 97-597 CA

EMMITT HARVEY,

       Plaintiff,

vs.

STUART POLICE DEPARTMENT,
et al.,

       Defendants.

_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

THIS CAUSE having come before the Court upon Defendant's, STUART POLICE

DEPARTMENT, Motion to Dismiss,  and the Court having duly notified the Plaintiff through

an Order Setting the hearing and making telephonic arrangements with Columbia

Correctional Institute, having heard argument of counsel and being otherwise fully advised

in the premises, it is hereby:

    ORDERED AND ADJUDGED that _____ motion is granted

Case is dismissed with prejudice.

_____

    DONE AND ORDERED in Chambers, Martin County, Stuart, Florida, this _20_ day

of _March_, 2001.

                        Ben 2 Bryant
                        CIRCUIT JUDGE

Copies Furnished:
Rhea P. Grossman, Esq., 3335 N.W. Boca Raton Boulevard, Boca Raton, FL 33431
Emmitt Harvey, Columbia Correctional Institution, Rt. 7 Box 376, Lake City, Florida 32055

*EXHIBIT*

97-11040                    NARC INV                    DET. SCHAUBEL 055

On Monday, 08/18/97, I met with Fred Miller, an undercover agent, at a command post adjacent to the East Stuart area. Miller had agreed to work as an undercover agent and to attempt to make controlled purchases of rock cocaine from person(s) in the East Stuart area. The East Stuart area is a high traffic area known for the sale of rock cocaine.

The vehicle that was to be driven by Miller was equipped with audio/video equipment. I checked this equipment and found that it was operating correctly. I gave Miller $20 of the Stuart Police Department Investigative Fund to be used as buy money (serial number D46584901B).

At approximately 2245 hours, Miller departed the command post, enroute to the East Stuart area.

At approximately 2251 hours, while in the 900 block of Bahama Avenue, Miller was approached by a black male, approximately 48 to 55 years of age, stocky build, 6'0", 210 pounds, short dark hair, dark skin tone, scruffy facial hair, wearing a blue or black t-shirt and a baseball hat, with a toothpick in his mouth.

During this contact, Miller asked the black male for "a 20 piece." This is a current street term used to purchase a $20 piece of rock cocaine. The black male asked Miller to park in the area of 947 Bahama Avenue, while he retrieved the cocaine rock.

A few minutes passed, and the black male returned. The suspect then gave Miller one piece of suspect rock cocaine. In exchange, Miller gave the suspect the above referenced $20 bill.

It should be noted that this sale and delivery of a controlled substance (cocaine) occurred well within 1000 feet of the real property of the Spectrum Junior/Senior High School.

Miller returned to the command post and turned over to me the above suspect rock cocaine. I examined same, and based on my police training and experience, I believed it to be rock cocaine. A field-test with a chemical test kit was positive, indicating that cocaine was present.

The rock cocaine was then sealed in a manilla envelope, marked number two, indicating buy number two. This envelope was placed in a brown evidence bag and turned over to the evidence technician, via a transmittal locker, for additional testing and future courtroom presentation.

Upon checking the audio/video equipment that was installed in the buy vehicle, I found that it was operating correctly, and that the transaction, as described by Miller, was recorded.

Investigation continues, pending positive identification of the suspect.

OFFICER NAME/ID/DATE _____ SUPERVISOR _____
8/27 lh

**161**

*Exhibit*

STUART POLICE DEPARTMENT REPORT OF INCIDENT

INCIDENT INFORMATION

| Case Nbr: 97-11040 | Incident Type: NARC | Rpt Date/Time: MON 08/18/97 2313 | Ofc. SCHAUBEL | 055 |

| Time Received: 2313 | Time Dispatched: 2314 | Time Arrived: 2314 | Time Cleared: 2314 | Response Time 0 | Total Time: 0 |

| Deferred Repsonse Date: | Offense Date: MON 08/18/97 to MON 08/18/97 | Juvenile Involved? NO |

| Place Name: EAST STUART | Incident Location: 947 BAHAMA AV | Zip: 34994 | Zone 2 |

| Forced Entry to Struct? N | Struct Occupied? N | Location Type HIGHWAY/ROADWAY | Weapon Type: N/A |

| Number Of Offenses: 02 | Victims: 01 | Offenders: 01 | Premises Entered: 00 | Vehicles Stolen: 00 | Entered By: LH |

OFFENSE INFORMATION

•-[ Offense 1 ]----------------------------------------------------------
| S/D CONT SUB   (FELONY   ) Statute: 893 13   (CIS: 350A NCIC:   ) COMMITTED  Agg Asslt: N/A
| Drug Related: YES   Alcohol Related: N/A  Gambling? N/A  Kidnapping? N/A  Coercion? N/A  Bribery? N/A  Computer Theft? N/A
| Drug Activity: SELL         Drug Type: COCAINE         Drug Quantity: 1    Qty Unit: DOS  Val: 20

•-[ Offense 2 ]----------------------------------------------------------
| POS CONT SUB   (FELONY   ) Statute: 893 13   (CIS: 350A NCIC:   ) COMMITTED  Agg Asslt: N/A
| Drug Related: YES   Alcohol Related: N/A  Gambling? N/A  Kidnapping? N/A  Coercion? N/A  Bribery? N/A  Computer Theft? N/A
| Drug Activity: POSSESS        Drug Type: COCAINE         Drug Quantity: 1    Qty Unit: DOS  Val: 20

CLEARANCE INFORMATION

| Original Report Date: 08/18/97 | Clearance Type: ARREST | Exception Type:

Date Cleared: 08/29/97 | Adult/Juvenile Arrested: ADULT | OBTS/Arrest Number: 97-11040 | Individuals Arrested: 01

Officer Assigned: SCHAUBEL | ID Number: 055 | Signature/Date:

Supervisor Signature:

EX HIBIT

NAME INFORMATION - ARRESTEE (97-11040   )

| ARRESTEE 01 Name: HARVEY                , EMMITT        JP          · B M  08/05/56 | Age  41 | Juvenile? NO

|    907 E 9TH ST                , STUART        FL 34994 | Home Phone: (561)          | Residence Type: CITY

| Employer:                    | Emp Phone (561)    | SSN: 264215705   | DL Nbr/State:

| Height: 507 | Weight: 175 | Eye Color: BRO | Hair Color: BLK | Hair Len:    | Hair Style:    | Complexion: MED | Build: MED

| Scars:                | Citizenship: US | Relationship to Victim: N/A

| Under Influence of Drugs? NO  | Under Influence of Alcohol? NO  | Weapon Seized: N/A          | Jail #:

| Juvenile Disposition: N/A                    | City ID Nbr:        | Photo Nbr:

| FDLE Nbr:        | OBTS Nbr: 97-11040    | Arresting Officer: SCHAUBEL      | Arrest Date/Time: 08/29/97 1328

|                                Drug              Drug        Drug      Drug      Court    Domestic
| Counts    Description      Statute    CIS      Activity          Type        Quan      Unit      Number    Violence
|  01      S/D CONT SUB    893 13    350A   (SELL)        COCAINE      1      DOS              NO
|  01      POS CONT SUB    893 13    350A   (POSSESS)     COCAINE      1      DOS              NO
|                          0                N/A                        0                NO
|                          0                N/A                        0                NO

PROPERTY INFORMATION (97-11040   )

| Prop Type: DRUG            | Item Nbr: 01 | Status: EVIDENCE OR SEIZED        | Damage: N/A

| Quantity: 01 | Item Name: COCAINE      | Brand:        | Model:        | Serial Nbr:

| Description: 1 PIECE OF COCAINE ROCK      | Value Stolen: 0    | Value Recovered: 20    | Date Recovered: 08/18/97

| WITNESS    01 Name: MILLER            , FRED            | Home Phone: (561) 287-1122

| Address:    830 MARTIN LUTHER KING        , STUART      FL 34994      .

| Officer Assigned: SCHAUBEL    | ID Number: 055  | Signature/Date:

| Supervisor Signature:

**163**

EXHIBIT 

**Stuart Police Department**
**Investigative Services**
**Case Disposition Forms**

Case Number: 97-1124

Defendant's Name: F. HARVEY          D.O.B: 8/5/56

☐  Inactive

☐  Inactive – Warrant or Capias Outstanding          Charges: _____

      Case and Docket Numbers: _____   _____

☒  Arrest                    ☐  Other _____

☐  Exceptionally          ☐  TOT _____

☐  Unfounded

☒  Evidence

☐  Retained (SPD)                    ☐  Court Retention

☐  Returned (Owner)                 ☐  Other (Explain)

Explanation of evidence disposition: _____

Evidence Tech Notified (Signature) _____

Investigating Detective: _____

Supervisor: _____          Date: 9/5/97

Release of Information from file:          **CLASSIFIED INFORMATION ☐**

By Whom: _____ Date: _____ Supv. _____

To Whom and Reason: _____

**29**

Exhibit

STUART POLICE DEPARTMENT -- REPORT OF INCIDENT



## INCIDENT INFORMATION

Case Nbr: 97-11124  | Incident Type: NARC        | Rpt Date/Time: WED 08/20/97 2138 | Ofc: SCHAUBEL        055

Time Received: 2138 | Time Dispatched: 2138 | Time Arrived: 2138 | Time Cleared: 2138 | Response Time: 0  | Total Time: 0

Deferred Repsonse Date:        | Offense Date: WED 08/20/97      to WED 08/20/97      | Juvenile Involved? NO  |

Place Name: EAST STUART     | Incident Location:      0 BLK BAHAMA AV          | Zip: 34994 | Zone: 2   |

Forced Entry to Struct? N   | Struct Occupied? N   | Location Type: HIGHWAY/ROADWAY     | Weapon Type: N/A

Number Of Offenses: 01  | Victims: 01  | Offenders: 01  | Premises Entered: 00  | Vehicles Stolen: 00  | Entered By: LH

## OFFENSE INFORMATION

--[ Offense 1 ]------------------------------------------------------------------------

SALE COUNTERFEI (FELONY      ) Statute: 831-31       (CIS: 9000 NCIC:       ) COMMITTED  Agg Asslt: N/A

Drug Related: YES   Alcohol Related: N/A  Gambling? N/A  Kidnapping? N/A  Coercion? N/A  Bribery? N/A  Computer Theft? N/A

Drug Activity: SELL            Drug Type: OTHER        Drug Quantity: 1        Qty Unit: DOS  Val: 20

--[ Offense 2 ]------------------------------------------------------------------------

(          ) Statute: 0        (CIS:     NCIC:     ) COMMITTED  Agg Asslt: N/A

Drug Related: N/A   Alcohol Related: N/A  Gambling? N/A  Kidnapping? N/A  Coercion? N/A  Bribery? N/A  Computer Theft? N/A

Drug Activity:            Drug Type:         Drug Quantity: 0        Qty Unit:       Val: 0

## CLEARANCE INFORMATION

Original Report Date: 08/20/97  | Clearance Type:         | Exception Type:                |

Date Cleared:         | Adult/Juvenile Arrested:      | OBTS/Arrest Number:        | Individuals Arrested:   |

Officer Assigned: SCHAUBEL    | ID Number: 055  | Signature/Date: Eric C. Schaubel Oct 8 30/97

Supervisor Signature.

Composite Exhibit "1"        24

*EXHIBIT*

NAME INFORMATION - VICTIM/WITNESS/COMPLAINANT/OTHER (97-11124    )

VICTIM   01 Name: SCHAUBEL                    , ERIC         C              , N N          , Age: 0 , SSN:

Drivers License Nbr:              | DL State:  | Employer:                              | Emp Phone: (561)

Address:   830 MARTIN LUTHER KING BL          STUART        , FL 34994 | Residense Category: N/A

Home Phone (561)287-1122 | VICTIM   of OFFENSE 1  .   | Vic Type: OTHER     | Offender Relation: N/A

Domestic Violence Victim? N | Extent of Injury: NONE   | 1st Inj Type: N/A          | 2nd Inj Type: N/A

NAME INFORMATION - VICTIM/WITNESS/COMPLAINANT/OTHER (97-11124    )

WITNESS   01 Name: MURPHY                    , ROBERT                  | N N         | Age: 0 | SSN:

Drivers License Nbr:              | DL State:  | Employer:                              | Emp Phone: (561)

Address:   830 MARTIN LUTHER KING BL          STUART        , FL 34994 | Residense Category:

Home Phone (561)287-1122 | WITNESS  of OFFENSE 1      | Vic Type:        | Offender Relation:

Domestic Violence Victim? N | Extent of Injury: NONE   | 1st Inj Type: N/A          | 2nd Inj Type: N/A

PROPERTY INFORMATION (97-11124    )

Prop Type: DRUG                  | Item Nbr: 01 | Status: EVIDENCE OR SEIZED        | Damage: N/A

Quantity: 01 | Item Name: COCAINE        | Brand:        | Model:        | Serial Nbr:

Description: 1 PIECE COUNTERFEIT COCAINE    | Value Stolen: 0    | Value Recovered: 20    | Date Recovered: 08/20/97

WITNESS    01 Name: MURPHY                    , ROBERT                | Home Phone: (561) 287-1122

Address:   830 MARTIN LUTHER KING BL      , STUART        FL 34994

Officer Assigned: SCHAUBEL    | ID Number: 055  | Signature/Date:

Supervisor Signature:

25

*EXHIBIT*

# STUART POLICE DEPARTMENT -- REPORT OF INCIDENT

## INCIDENT INFORMATION

Case Nbr: 97-11124   | Incident Type: NARC   | Rpt Date/Time: WED 08/20/97 2138 | Ofc: SCHAUBEL   055

Time Received: 2138 | Time Dispatched: 2138 | Time Arrived: 2138 | Time Cleared: 2138 | Response Time: 0   | Total Time: 0

Deferred Repsonse Date:   | Offense Date: WED 08/20/97   to WED 08/20/97   | Juvenile Involved? NO   |

Place Name: EAST STUART   | Incident Location:   0 BLK BAHAMA AV   | Zip: 34994 | Zone: 2   |

Forced Entry to Struct? N   | Struct Occupied? N   | Location Type: HIGHWAY/ROADWAY   | Weapon Type: N/A

Number Of Offenses: 01   | Victims: 01   | Offenders: 01   | Premises Entered: 00   | Vehicles Stolen: 00   | Entered By:  LH

## OFFENSE INFORMATION

[ Offense 1 ]----------------------------------------------------------------
SALE COUNTERFEI (FELONY   ) Statute: 831 31   (CIS: 9000 NCIC:   ) COMMITTED  Agg Asslt: N/A
Drug Related: YES   Alcohol Related: N/A  Gambling? N/A  Kidnapping? N/A  Coercion? N/A  Bribery? N/A  Computer Theft? N/A
Drug Activity: SELL   Drug Type: OTHER   Drug Quantity: 1   Qty Unit: DOS  Val: 20

[ Offense 2 ]----------------------------------------------------------------
(   ) Statute: 0   (CIS:   NCIC:   ) COMMITTED  Agg Asslt: N/A
Drug Related: N/A   Alcohol Related: N/A  Gambling? N/A  Kidnapping? N/A  Coercion? N/A  Bribery? N/A  Computer Theft? N/A
Drug Activity:   Drug Type:   Drug Quantity: 0   Qty Unit:   Val: 0

## CLEARANCE INFORMATION

Original Report Date: 08/20/97 | Clearance Type: ARREST   | Exception Type:

Date Cleared: 08/29/97 | Adult/Juvenile Arrested: ADULT   | OBTS/Arrest Number: 97-11124   | Individuals Arrested: 01

Officer Assigned: SCHAUBEL   | ID Number: 055   | Signature/Date: *Eric C. Schaubel 055-9/4/97*

Supervisor Signature:

26

*EXHIBIT*

## NAME INFORMATION - ARRESTEE (97-11124    )

ARRESTEE 01 Name: HARVEY                    , EMMITT        JR          | B M  08/05/56 | Age: 41 | Juvenile? NO

907 E 9TH ST                    , STUART          FL 34994 | Home Phone: (561)          | Residence Type: CITY

Employer:                        | Emp Phone (561)      | SSN: 264215705  | DL Nbr/State:

Height: 507 | Weight: 175 | Eye Color: BRO | Hair Color: BLK | Hair Len:    | Hair Style:    | Complexion: MED | Build: MED

Scars:                    | Citizenship: US | Relationship to Victim: N/A

Under Influence of Drugs? NO  | Under Influence of Alcohol? NO  | Weapon Seized: N/A          | Jail #:

Juvenile Disposition: N/A                      | City ID Nbr:          | Photo Nbr:

FDLE Nbr:       | OBTS Nbr: 97-11124    | Arresting Officer: SCHAUBEL      | Arrest Date/Time: 08/29/97 1328

| Counts | Description | Statute | CIS | Drug Activity | Drug Type | Drug Quan | Drug Unit | Court Number | Domestic Violence |
|---|---|---|---|---|---|---|---|---|---|
| 01 | SALE COUNTERFEI | 831 31 | 9000 | SELL | OTHER | 1 | DOS | | NO |
| | | 0 | | N/A | | 0 | | | NO |
| | | 0 | | N/A | | 0 | | | NO |
| | | 0 | | N/A | | 0 | | | NO |

## PROPERTY INFORMATION (97-11124    )

Prop Type: DRUG                | Item Nbr: 01 | Status: EVIDENCE OR SEIZED          | Damage: N/A

Quantity: 01 | Item Name: COCAINE      | Brand:      | Model:      | Serial Nbr:

Description: 1 PIECE COUNTERFEIT COCAINE    | Value Stolen: 0      | Value Recovered: 20      | Date Recovered: 08/20/97

WITNESS    01 Name: MURPHY                , ROBERT              | Home Phone: (561) 287-1122

Address:   830 MARTIN LUTHER KING BL      , STUART        FL 34994

Officer Assigned: SCHAUBEL    | ID Number: 055  | Signature/Date:

Supervisor Signature:

**27**

# ARREST AFFIDAVIT

USE SEPARATE FORMS FOR EACH DEFENDANT AND FOR MULTIPLE
OFFENSES OCCURRING AT DIFFERENT TIME, DATE OR LOCATION

EXHIBIT

| COURT DOCKET NO. | | | | V. NO. | FOLE NO. |
|---|---|---|---|---|---|
| 1. | | | | | |

| Fingerprinted | By | | CHECK TRUE NAME | DEFENDANT NAME (LAST, FIRST, MIDDLE) | ARR. AGENCY ORI. NO. | |
|---|---|---|---|---|---|---|
| ☐ Identification Only | ☐ AFIS | | ☐ → | HARVEL Emmitt | FLO 4 3 0 1 0 0 | |
| ☐ Other | | | ☐ → | A.K.A. | OBTS NO. | |

| BOOKING OFFICER | JAIL NUMBER | | PERMANENT ADDRESS (STREET NO. STREET NAME CITY) PHONE | STATE | ZIP CODE | CNTY |
|---|---|---|---|---|---|---|
| | | | | | | |

| LOCAL CASE NO. | DATE OF BIRTH | | | | | |
|---|---|---|---|---|---|---|
| 97-1124 | 35 156 | | | | | |

| DEFENDANT REQUIRED TO APPEAR IN CIRCUIT COURT | SEX | HEIGHT | WEIGHT | RACE | EYE COLOR | HAIR COLOR |
|---|---|---|---|---|---|---|
| ON | | | | | BLK BRN GRN MAR (UNK) BLU GAY HAZ PNK | BAL BLN GRY GRAY RED (UNK) (BLK) BRO WHI SYN |
| AT _____ AM/PM | | | | | | |

| DEFENDANT REQUIRED TO APPEAR IN COUNTY COURT | SOCIAL SECURITY NUMBER | OCCUPATION OR EMPLOYER | | DISTINGUISHING MARKS | |
|---|---|---|---|---|---|
| ON | ARREST DATA → | DATE | MILITARY TIME | SECTOR | STREET | CITY | STATE | CNTY |

| DEFENDANT | ARREST DATA → | DATE | MILITARY TIME | SECTOR | STREET | CITY | STATE | CNTY |
|---|---|---|---|---|---|---|---|---|
| ON | | | 1-28 | | 724 ORTON AVE | STUART | 44 | 2 |
| AT _____ AM/PM | OFFENSE DATA → | 8p 1997 | 2130 | City | Britt... Lake... | Stuart | FL | |

| | Weapons Seized/Type 1. Yes 2. No | | Residence Type 1. City 2. County | 3. Florida 4. Out-of-State | Activity N N/A P Possess | S Sell B Buy T Traffic | O Smuggle D Deliver E Use | K Dispense/ Distribute | M Manufacture/ Produce/ Cultivate | Z Other |
|---|---|---|---|---|---|---|---|---|---|

| CHARGE STATUS | Indication of: Alcohol Influence Drug Influence | Y N Unit | Citizenship US | Activity N N/A A Amphetamine | B Barbituate C Cocaine E Heroin | H Hallucinogen M Marijuana O Opium/Deriv | P Paraphernalia/ Equipment S Synthetic | U Unknown Z Other |
|---|---|---|---|---|---|---|---|---|
| ☐ PC ☐ CAPAIS ☐ BW ☐ FW ☐ PW ☐ Juv ☐ PU ☐ CITATION | CHARGE/STATUTE NO. | | | | | | IF DRUGS | |

| SEQ. NO. | | FELONY | FEL TRAF | MISD | MISD TRAF | ORD | OTHER | CHARGE/STATUTE NO. | ACTIVITY | TYPE |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | Sale counterfeit controlled substance 831 | | Z |
| 2. | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | |
| 3. | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | |
| 4. | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | |
| 5. | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | |
| 6. | | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | | | |

| ARRESTING AGENCY COPY | PRINCIPAL ARRESTING OFFICER / STUART POLICE DEPARTMENT | OFFICER ID NO. | BONDSMEN / SURETY NAME | BOND AMOUNT |
|---|---|---|---|---|
| | | | | |

| CO-DEFENDENT'S (LAST, FIRST, MIDDLE) | VICTIM'S NAME |
|---|---|
| | STATE |

**SUMMARY OF OFFENSES AND PROBABLE CAUSE AFFIDAVIT**
The above named defendant was arrested for the following reasons;     **PROBABLE CAUSE**

The preceding is true to the best of my present knowledge or belief.

Signature _____

Sworn & Subscribed before me this _____ day of _____

NOTARY / ASA _____

My commission expires _____

Agency   STUART P.D.

*Sequence number taken from fingerprint card containing this OBTS number for this arrest.

28

*EXHIBIT*

# Litigious ex-inmate back in jail

**By Anne Checkosky**
of the News staff

**Emmitt Harvey Jr., 41, of Stuart was picked up by Stuart police Friday afternoon and charged with selling cocaine within 1,000 feet of a school.**

STUART — An ex-inmate who filed a lawsuit against the Martin County jail last month, charging that jail conditions were deplorable and that his constitutional rights were being violated, is back behind bars.

Emmitt Harvey Jr., 41, was picked up by Stuart police Friday afternoon and charged with selling cocaine within 1,000 feet of a school.

The charge stems from an Aug. 18 incident in which Harvey sold $20 worth of rock cocaine to undercover Stuart police Officer Eric Schaubel near Spectrum Junior-Senior High School. He also was charged with selling a counterfeit substance to Schaubel on Aug. 20 in the same area of East Stuart.

Harvey is being held on $60,000 bail. In both instances, Stuart police videotaped the buys, Schaubel said.

Harvey, of 907 E. Ninth St., Stuart, has been in and out of jail — mainly on charges of possession of a controlled substance, resisting arrest or trespassing — 12 times since 1989, Martin County sheriff's reports said. Schaubel said police hope to charge Harvey with habitual offender status this time, which carries a mandatory minimum prison sentence of three years.

Harvey denied selling the cocaine Tuesday but admitted he has a drug problem. He said he would like to be enrolled in a drug rehabilitation program.

"I know I have a drug problem, but I never got any help," he said.

A Martin County jail official said the jail has an Alcohol and Drug Assistance Program, but that an inmate has to ask to be enrolled. There is a program coordinator who visits the jail about two or three times a week. The official said they do not keep track of which inmates ask for help.

In addition to the lawsuit filed against the jail, Harvey also filed a lawsuit against the Stuart Police Department on Aug. 15, claiming his constitutional rights were violated by several police officers and Police Chief Joan Waldron. In the handwritten suit, Harvey claims he was falsely arrested, harassed and discriminated against by the officers.

"He's one of those jailhouse lawyers who clogs the system with ridiculous lawsuits," Schaubel said.

**165**

*EXHIBIT*

## FLORIDA DEPARTMENT OF CORRECTIONS
## HEALTH SLIP/PASS

**The below-named inmate is authorized for:**

☐ Bed rest lay-in    From_____ To_____

☐ Low/bottom bunk   From_____ To_____

☐ No shave          From_____ To_____

☐ Restricted activity   From_____ To_____

    Restrictions:_____

    _____

    _____

☒ Other:_____ From _023080_ To _230803_

    _Arch Arrco_____

Inmate _Harvey Fun_____   Authorized

DC# _058700_ R/S _37_     by:_____

Date of Birth _08-05-56_     (Initial & Name Stamp)

Institution _CoL_       Date: _03 08 02_

Winston Summerlin, MD
Staff Physician
Columbia C.I.

**Health Slip/Pass**
**DC4-701D (2/96)**    White:Medical   Yellow/Security   Pink:/Inmate

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET  01-141

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**CIV-PAINE**

## I. (a) PLAINTIFFS

*Emmitt Harvey*

## DEFENDANTS

*City of Stuart et. Al.*

**MAGISTRATE JUDGE SORRENTINO**

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

ATTORNEYS (IF KNOWN)

**(d)** CIRCLE COUNTY WHERE ACTION AROSE:   DADE,   MONROE,   BROWARD,   PALM BEACH,   (MARTIN),   ST. LUCIE,   INDIAN RIVER,   OKEECHOBEE   HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF
(For Diversity Cases Only)                AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | B☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **A LABOR** | **B SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | A☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | A☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions A or B |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | A☐ 791 Empl. Ret. Inc. Security Act | A☐ 871 IRS — Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | | B☒ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION

(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

LENGTH OF TRIAL
via ____ days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ YES   ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____