```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  01-14161-CIV-PAINE
                              MAGISTRATE JUDGE SORRENTINO

EMMITT HARVEY,                :

       Plaintiff,             :

v.                            :       REPORT RE DISMISSAL
                                      OF SUCCESSIVE COMPLAINT
CITY OF STUART, et al.,       :       28 U.S.C. §1915(g)

       Defendants.            :
_____
```

The incarcerated *pro se* plaintiff in this case is a multiple filer, having filed the following known cases:

1.  Harvey v. Crowder, et al.
    96-14087-Civ-Moore
    §1983; Conditions and racial discrim.
       Martin County Jail.
    Dismissed as frivolous 12/19/96.

2.  Harvey v. Detective #055
    96-1375-Civ-King
    §1983; False arrest; discrimination,
       Stuart Police Detective Schaubet.
    Dismissed, failure to state a claim 6/14/96.

3.  Harvey v. Chief of Police, et al.
    96-1376-Civ-Graham
    §1983; False arrest; discrimination,
       Stuart Police Chief Waldon.
    Dismissed, failure to state a claim 7/8/96.

4.  Harvey v. Police Officer #055
    96-14129-Civ-Paine
    §1983; False arrest; discrimination,
       Stuart Police Officer Martin.
    Dismissed, failure to state a claim 7/15/96.



5. <u>Harvey v. Martin County Sheriff's Dept., et al.</u>
   98-14053-Civ-Paine
   1983; Conditions of confinement and medical.
   Dismissed §1915(g); 4/7/99.

6. <u>Harvey, et al. v. Martin Cnty. Sheriff's Dpt.et al</u>
   00-14352-Civ-Roettger
   §1983; Conditions of confinement.
       (Removed from state court)
   Pending.

7. <u>Harvey v. City of Stuart, et al.</u>
   01-14161-Civ-Paine
   §1983; Harassment, etc.
   Pending.

Pursuant to 28 U.S.C. §1915(g), enacted April 26, 1996, no prisoner may bring a civil action or appeal a judgment in a civil action *in forma pauperis* if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. <u>Medberry v. Butler</u>, 185 F.3d 1189, 1192-93 (11 Cir. 1999).

The constitutionality of this section has been comprehensively explored and upheld by the Eleventh Circuit Court of Appeals, <u>Rivera v. Allin</u>, 144 F.3d 719 (11 Cir. 1998). There the Court held that the new "three strikes" IFP provision does not violate the First Amendment right of access to the court; the separation of

judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment. Moreover, the Court held that courts in this circuit may properly count as strikes cases dismissed on the statutory grounds prior to April 26, 1996.

The types of dismissals that count as "strikes" under §1915(g) which have thus far been recognized and established by judicial precedent, include the following:

1. **Pre-PLRA Dismissals under 28 U.S.C. §1915(d)**:

    Civil rights claims raised under Title 42 U.S.C., or raised under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), which before the April 26, 1996 statutory amendments were dismissed pursuant to the pre-PLRA version of 28 U.S.C. §1915(d), and Neitzke v. Williams, 490 U.S. 319 (1989) in which the Supreme Court had identified two classes of cases in which 28 U.S.C. §1915(d) authorized courts to dismiss cases sua sponte: (i) "claim[s] based on an indisputably meritless legal theory," and (ii) "those claims whose factual contentions are clearly baseless." Medberry v. Butler, 185 F.3d 1189, 1192 (11 Cir. 1999); Rivera v. Allin, 144 F.3d 719, 728-30 (11 Cir. 1998).

2. **PLRA Dismissals for Failure to State a Claim, Defendants Immune, etc.**:

    Civil rights claims raised under Title 42 U.S.C., or raised under Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971),

3

which are dismissed pursuant to the Prison Litigation Reform Act of 1995 ("PLRA") under the provisions of 42 U.S.C. §§ 1915A(b)(1) and (b)(2), and/or 1915(e)(2)(B), because the claims are either frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Rivera v. Allin, 144 F.3d 719, 731-32 (11 Cir. 1998); Anderson v. Hardman, et al., No. 99 C 7282 at *3, 1999 WL 1270692 (N.D.Ill. Dec. 17, 1999); Luedtke v. Gudmanson, 971 F.Supp. 1263 (E.D.Wis. 1997).

3. **PLRA Dismissals for Lack of Exhaustion of Administrative Remedies**:

   Civil rights claims concerning conditions of confinement, raised under Title 42 U.S.C., or raised under Bivens, which are dismissed pursuant to the Prison Litigation Reform Act of 1995 ("PLRA") under 42 U.S.C. §1997(e)(a), for failure to exhaust administrative remedies. Rivera v. Allin, 144 F.3d 719, 731 (11 Cir. 1998) (dismissal of a plaintiff's claims pursuant to §1997e is "tantamount to one that fails to state a claim upon which relief may be granted").

4. **Dismissals under Fed.R.Civ.P. 12(b)(6)**:

   Civil rights claims raised under Title 42 U.S.C., or under Bivens, which are dismissed on a motion to dismiss, pursuant to Fed.R.Civ.P. 12(b), for lack of subject matter jurisdiction, or for failure to state a claim upon which relief can be granted. Rivera v. Allin, 144 F.3d 719, 728-30 (11 Cir. 1998); Lloyd v. Schwartz, No. 99 C. 3070 at *5, 1999 WL 1044210 (N.D.Ill. Nov. 9 1999); Correa-Serge v. Eliopoulas, No. 95 C 7085 at *1-5, (N.D.Ill. May 19, 1998).

5. **Dismissals of Claims Re Confinement under Heck v. Humphrey and PLRA**:

   Civil rights claims raised by a state prisoner pursuant to Title 42 U.S.C., or raised by a federal prisoner pursuant to Bivens, attacking his or her

4

confinement, which are dismissed pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994) and provisions of the PLRA under 28 U.S.C. §§1915A(b)(1) and/or 28 U.S.C. §1915(e)(2)(B). <u>Patton v. Jefferson Correctional Center</u>, 136 F.3d 458, 462-65 (5 Cir. 1998); <u>Luedtke v. Bertrand</u>, 32 F.Supp.2d 1074 (E.D.Wis. 1999) (citing <u>Rivera v. Allin</u>, 144 F.3d 719, 731 (11 Cir. 1998)); <u>Grant v. Sotelo</u>, No. 2:98-CV-0347, 1998 WL 740826, at *1 (N.D.Tex. Oct. 19, 1998); <u>Sanders v. DeTella</u>, No. 98 C 4481 at *3, 1997 WL 126866 (N.D.Ill., March 13, 1997); <u>Sandles v. Randa</u>, 945 F.Supp. 169, 171-72 (E.D.Wis. 1996).

6. **Dismissals of Claims Re Disciplinary Proceedings under Heck v. Humphrey; Edwards v. Balisok, and PLRA**:

    Civil rights claims concerning disciplinary proceedings in state or federal facilities, raised pursuant to Title 42 U.S.C., or raised pursuant to <u>Bivens</u>, which are dismissed pursuant to <u>Edwards v. Balisok</u>, 520 U.S. 641 (1997) and <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994), and provisions of the PLRA under 28 U.S.C. §§1915A(b)(1) and/or 28 U.S.C. §1915(e)(2)(B). <u>Warburton v. Goord</u>, 14 F.Supp.2d 289, 294 (W.D.N.Y. 1998); <u>Hayes v. Washington</u>, No. 99 C 929 at *4, *8, (N.D.Ill. Sept. 23, 1999).

7. **Appeals Dismissed as Frivolous, Malicious, or for Failure to State a Claim**:

    Appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. <u>Adepegba v. Hammons</u>, 103 F.2d 383, 387-388 (5 Cir. 1996).

8. **Dismissals of Mandamus Actions Against Federal Officials or Against State Officials**:

    Petitions for Mandamus against either federal officials or against state officials qualify as "civil actions" under 28 U.S.C. §1915(g). <u>See</u> <u>In Re: Billy D. Jacobs, a/k/a Ya qub</u>, 213 F.3d 289 (5 Cir. 2000) (holding that after he was granted leave under the PLRA to proceed *in forma pauperis* in the

5

district court, and his case was still under initial review for frivolousness as required by 28 U.S.C. §1915A, appellant's mandamus petition in the Court of Appeals seeking to compel the district court to order service on the defendants was inappropriate, hindered the initial review process, and was subject to dismissal as frivolous and counted as a strike under 28 U.S.C. §1915(g), the PLRA's three strikes provision); Green v. Nottingham, 90 F.3d 415, 418 (10 Cir. 1996) (holding that mandamus petitions qualify as "civil actions" under §1915(g), and that plaintiff with three prior strikes under the statute could not be permitted to continue filing actions by merely framing pleadings as petitions for writs of mandamus since to do so would allow a loophole Congress surely did not intend in its stated goal of discouraging frivolous and abusive prison lawsuits); In Re: Michael C. Washington, 122 F.3d 1345 (10 Cir. 1997) (petitions for writ of mandamus qualify as "civil actions" under §1915(g)); Hicks v. Brysch, 989 F.Supp. 797 (W.D.Tex. 1997) (in an in forma pampers §1983 action against state court clerk for mandamus, monetary and injunctive relief, mandamus could not be granted where the defendant was an elected County official, not a federal officer, agent, or employee, and suit was legally frivolous, requiring dismissal under IF statute as amended by the PARA. Cf. Martin v. United States, 96 F.3d 853 (if defendant's petition for writ of mandamus arises from civil litigation, the petition must conform with the PARA, however if petition arises from criminal litigation, petition need not comply with the Act).

As demonstrated in the list of cases at the top of this report, this plaintiff has filed three or more cases which fit the criteria of this statute. It does not appear that the plaintiff is under imminent danger of serious physical injury and it is

therefore recommended that this case be dismissed pursuant to 28 U.S.C. §1915(g).

Since the statute only precludes the plaintiff from proceeding in forma pauperis, the dismissal should be without prejudice to the plaintiff to move to reopen the case upon payment of the full filing fee of $150.00 within ten days of dismissal of the complaint.

Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.

Dated: June 6, 2001

_____
UNITED STATES MAGISTRATE JUDGE

cc: Emmit Harvey, Pro Se
    DC #058700
    Columbia Correctional Institution
    Route 7, Box 376
    Lake City, FL 32055-8767